### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

CHRIS WOODFIELD, ON BEHALF
OF HIMSELF AND ALL OTHERS
SIMILARLY SITUATED,

    *Plaintiff*,

    v.

TWITTER, INC., X CORP., X
HOLDINGS I, INC., X HOLDING
CORP., and ELON MUSK,

    *Defendants*.

C.A. No. 1:23-cv-780-CFC

**DECLARATION OF ERIC MECKLEY IN SUPPORT OF DEFENDANT X CORP. f/k/a TWITTER, INC. AND X HOLDINGS CORP. f/k/a X HOLDINGS I, INC.'S**
**MOTION TO COMPEL ARBITRATION**

I, Eric Meckley, declare under the penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.    I am an attorney duly licensed to practice law in the state of California.  I am an attorney with the law firm of Morgan, Lewis & Bockius LLP, and am counsel for counsel for Defendants X Corp. (as successor in interest to Twitter, Inc.) (hereinafter "Twitter") and X Holding Corp. (as successor in interest to X Holdings I, Inc.) (hereinafter "X Holdings") in the above-captioned matter.  I submit this Declaration in support of Defendants' Motion to Dismiss and Compel Arbitration.  I have personal knowledge of the facts stated in this Declaration and could testify competently to them if asked to do so.

2.    In or around December 2022, an influx of claimants began filing individual demands for arbitration with JAMS naming Twitter as a Respondent.

By early January 2023, Twitter had received more than 200 demands for arbitration, none of which included a signed version of the individual claimant's DRA.  To date, Twitter has received more than 2,200 individual demands for arbitration.

3.      On January 5, 2023, Twitter submitted a letter to JAMS that objected to the wave of demands with unsigned DRAs, citing to Rule 5(a) of the JAMS Employment Arbitration Rules and Procedures (the "JAMS Rules").  Attached as **Exhibit 1** is a true and correct copy of Twitter's January 5, 2023 objection letter to JAMS.

4.      On January 19, 2023, JAMS' Senior Vice President and General Counsel issued an opinion in response to Twitter's January 5, 2023 objection letter, interpreting JAMS Rule 5(a) and determining that it would proceed with arbitrations only "[w]here a Claimant's Demand includes a *signed agreement* naming JAMS or a court order identifying JAMS as applicable to the Claimant." Attached as **Exhibit 2** is a true and correct copy of this January 19 JAMS Opinion.

5.      On or about May 6, 2023, Plaintiff filed a non-compliant demand for arbitration with JAMS by attaching a DRA that was unsigned by Plaintiff. Consistent with its practice for the prior four months and JAMS's January 19 Opinion, on May 22, 2023, Twitter objected to Plaintiff's demand for arbitration based on his failure to submit a signed DRA and requested that JAMS decline to exercise jurisdiction over the demand unless and until he submitted a signed version of the DRA.  Attached as **Exhibit 3** is a true and correct copy of Twitter's May 22, 2023 objection letter to Woodfield's demand for arbitration.

6.      On May 29, 2023, Plaintiff responded by asserting that Twitter's objection had "waived" its right to arbitrate.  Attached as **Exhibit 4** is a true and correct copy of Plaintiff's May 29, 2023 letter regarding his demand for arbitration.

7.      On June 1, 2023, Twitter responded to Plaintiff's May 29, 2023 letter and asserted that it was *not* waiving its right to arbitrate under the DRA, and expressly reserved its right to arbitrate Plaintiff's claim upon submission of a signed DRA.  Attached as **Exhibit 5** is a true and correct copy of Twitter's June 1, 2023 letter regarding Woodfield's demand for arbitration.

8.      On June 5, 2023, JAMS emailed the parties regarding the status of Plaintiff's arbitration demand, and clarified that JAMS had "not declined to administer this matter" but just could not proceed "until a signed employment agreement containing an arbitration clause naming JAMS as the arbitration provider [wa]s provided to the file."  Attached as **Exhibit 6** is a true and correct copy of JAMS' June 5, 2023 email regarding Plaintiff's demand for arbitration.

9.      JAMS has relied upon its JAMS' Policy on Employment Arbitration Minimum Standards of Procedural Fairness (the "Minimum Standards").  Attached as **Exhibit 7** is a true and correct copy of JAMS' Minimum Standards.

10.     On June 2, 2023, Twitter submitted a letter to JAMS requesting that arbitration costs be apportioned equally between the Parties for any arbitrations pending in jurisdictions where fee-sharing is lawful, consistent with the terms of the Parties' DRA.  Attached as **Exhibit 8** is a true and correct copy of Twitter's June 2, 2023 letter to JAMS.

11.     On June 21, 2023, JAMS' General Counsel responded to Twitter's June 2, 2023 letter and stated that JAMS' Minimum Standards would apply to each arbitration proceeding, "notwithstanding any contrary provision in the parties' arbitration agreement."  Attached as **Exhibit 9** is a true and correct copy of this June 21 JAMS Opinion.

12.     On June 28, 2023, Twitter responded to the June 21 JAMS Opinion, and notified JAMS that (a) the Minimum Standards are separate and distinct from the JAMS Rules, (b) the parties did not agree to abide by the Minimum Standards

in the DRA, (c) the Minimum Standards apply only where arbitration is mandated as a condition of employment, which was not true here given the right to opt out, and (d) the DRA permitted apportionment of fees under applicable law and, thus, the June 21 JAMS Opinion "prevents Twitter from exercising its contractual rights and improperly negates a material provision in the dispute resolution agreements should Twitter proceed in accordance with [the] decision."  Attached as **Exhibit 10** is a true and correct copy of Twitter's June 28, 2023 letter to JAMS.

13.    On June 30, 2023, JAMS' General Counsel wrote to the parties observing that employees could elect to contribute to JAMS fees.  Attached as **Exhibit 11** is a true and correct copy of JAMS' June 30, 2023 letter.


Executed this 28th day of August, 2023, at San Francisco, California.



_____
                    Eric Meckley