# **EXHIBIT 3**

# Morgan Lewis

**Eric Meckley**
Partner
+1.415.442.1013
eric.meckley@morganlewis.com

May 22, 2023

**VIA EMAIL PDF ATTACHMENT**

Sarah Nevins
Arbitration Practice Manager
SNevins@jamsadr.com

Nicholaus Mindiola
Billing Specialist
nmindiola@jamsadr.com

Re:     <u>JAMS Reference No. 1601001991</u>:  Respondents' Objections to Jill Rabinowitz and Chris Woodfield Demands for Arbitration and Request to Deduct Invoice No. 6661880 dated May 10, 2023

Dear Ms. Nevins and Mr. Mindiola:

My firm represents Twitter, Inc. ("Twitter"), as well as X Corp., X Holdings I, Inc., X Holding Corp., and Elon Musk (together as "Respondents"), in connection with the demands for arbitration filed on behalf of numerous individual claimants by counsel Kamerman Uncyk Soniker & Klein, P.C. ("Claimants' Counsel").  Respondents hereby timely object to JAMS proceeding with the demands filed on behalf of Claimants Jill Rabinowitz and Chris Woodfield, and requests that JAMS immediately deduct the filing fees related to Claimants Rabinowitz and Woodfield from the invoice issued to Twitter (JAMS Invoice No. 6661880) dated May 10, 2023 and re-issue a new invoice in the amount of $49,600 (i.e., $52,800 minus $3,200, deducting both Claimant Rabinowitz's $1,600 filing fee and Claimant Woodfield's $1,600 filing fee).  Twitter requests that JAMS confirm in writing that it will cease these proceedings and deduct the pending invoice accordingly.  The bases for Respondents' timely objections are as follows:

On January 5, 2023, and in connection with separate arbitrations brought by different claimants' counsel, Twitter submitted a letter that timely objected to JAMS proceeding with any demands for arbitration that (1) fail to provide a *signed* arbitration agreement and (2) that do not reference JAMS as the arbitration provider.  Twitter further requested that JAMS immediately withdraw invoices corresponding to any deficient demands for arbitration.

On January 19, 2023, the Senior Vice President and General Counsel of JAMS served a notice in response to Twitter's objection letter, which stated that "[i]n light of the unsigned agreements and Respondent's objection, JAMS requests Claimants to amend the filings to include a signed arbitration agreement for each Claimant, or alternatively, a court order identifying JAMS and/or the

**Morgan, Lewis & Bockius LLP**

DB2/ 45257140.1

One Market
Spear Street Tower
San Francisco, CA  94105-1596       **T** +1.415.442.1000
United States                        **F** +1.415.442.1001

Sarah Nevins
Nicholaus Mindiola
May 22, 2023
Page 2

JAMS Rules as applicable to the Claimant.  **Where a Claimant's Demand includes a signed agreement naming JAMS or a court order identifying JAMS as applicable to the Claimant, JAMS will proceed**." (emphasis added).  The notice confirmed that JAMS would withdraw any invoices for filing fees in connection with demands that failed to provide the requisite agreements.

Consistent with this JAMS notice, Twitter objects to the demands filed on behalf of Claimants Rabinowitz and Woodfield.  Both demands for arbitration are deficient because they failed to include a copy of these claimants' signed and dated arbitration agreements.  Rather, they include unsigned, undated, and unexecuted arbitration agreements.  See Rabinowitz's Demand for Arbitration, ¶ 13 ("While Jill does not have an executed copy of her DRA, she was required to and did sign it as a condition of her employment with Twitter, and the unexecuted copy she retained is submitted herewith, and provides for arbitration with JAMS."); Woodfield's Demand for Arbitration, ¶ 13 ("While Chris does not have a copy of his countersigned DRA, a copy of Chris's DRA that was attached to his offer letter is submitted herewith, and provides for arbitration with JAMS.")  These submissions are incomplete and insufficient to confer JAMS with any authority or jurisdiction to initiate this arbitration on behalf of Claimants Rabinowitz and Woodfield.

The failure to provide an arbitration agreement signed by any claimant fails to comply with JAMS Rules.  Specifically, JAMS Employment Arbitration Rules and Procedures, Rule 5(a) states:

> "The Arbitration is deemed commenced when JAMS issues a Commencement Letter based upon the existence of one of the following: (i) A post-dispute Arbitration Agreement fully executed by all Parties specifying JAMS administration or use of any JAMS Rules; or (ii) A pre-dispute written contractual provision requiring the Parties to arbitrate the dispute or claim and specifying JAMS administration or use of any JAMS Rules or that the Parties agree shall be administered by JAMS; or (iii) A written confirmation of an oral agreement of all Parties to participate in an Arbitration administered by JAMS or conducted pursuant to any JAMS Rules; or (iv) The Respondent's failure to timely object to JAMS administration, where the Parties' Arbitration Agreement does not specify JAMS administration or JAMS Rules; or (v) A copy of a court order compelling Arbitration at JAMS."

None of these five triggering factors exists here, rendering Claimants Rabinowitz's and Woodfield's demands for arbitration deficient.  Twitter's understanding is that, to date, both claimants have failed to submit a signed and dated copy of their arbitration agreements to JAMS.

It appears obvious that Claimants' Counsel has rushed to submit incomplete and insufficient demands for arbitration for the purpose of leveraging significant initial case management fees against Twitter.  Because the Rabinowitz and Woodfield demands submitted by Claimants' Counsel do not confer JAMS with the authority or jurisdiction to administer and/or commence arbitrations against Twitter, JAMS should deduct the invoice issued to Twitter for these claimants' filing fees.

For these reasons, JAMS should not proceed with commencing arbitrations on behalf of Claimants Rabinowitz and Woodfield, and JAMS should deduct the May 10, 2023 invoice to Twitter accordingly, as Twitter should not be required to pay a non-refundable fee for any demands that are not appropriately before JAMS.  Respondents object to JAMS administering or commencing

DB2/ 45257140.1

Sarah Nevins
Nicholaus Mindiola
May 22, 2023
Page 3

arbitrations for any claimants unless and until Claimants' Counsel submits a signed and dated arbitration agreement specifying JAMS as the arbitration provider for each specific claimant.

I request that JAMS confirm in writing that it will cease these proceedings and deduct the pending invoice. JAMS should proceed only if and when, and to the extent that, Claimants' Counsel submits an arbitration agreement that is signed and dated by the specific claimant and that specifies JAMS as the arbitration provider.

Please do not hesitate to contact me with any questions.

Sincerely,

*/s/ Eric Meckley*

Eric Meckley

Cc:  Claimants' Counsel Akiva M. Cohen