# **EXHIBIT 5**

# Morgan Lewis

**Eric Meckley**
Partner
+1.415.442.1013
eric.meckley@morganlewis.com

June 2, 2023

**VIA EMAIL PDF ATTACHMENT**

Sarah Nevins
Arbitration Practice Manager
SNevins@jamsadr.com

Re:  <u>JAMS Reference No. 1601001991</u>:  Respondents' Objection to Chris Woodfield Demand for Arbitration and Response to Claimants' Counsel's May 29, 2023 Letter

Ms. Nevins,

As you know, my firm represents X Corp. as successor in interest to Twitter, Inc. ("Twitter"), as well as X Holdings I, Inc., X Holding Corp., and Elon Musk (together as "Respondents"), in connection with the demands for arbitration filed on behalf of numerous individual claimants by counsel Kamerman Uncyk Soniker & Klein, P.C. ("Claimants' Counsel").  Respondents are in receipt of Claimants' Counsel's May 29, 2023 letter regarding Claimant Chris Woodfield's demand for arbitration that was submitted to JAMS and Respondents' objection thereto.  In their letter, Claimants' Counsel incorrectly characterizes Respondents' objection to Claimant Woodfield's demand as "Twitter's waiver of its right to arbitrate his dispute."  <u>This is incorrect and purposefully mischaracterizes Respondents' objection letter</u>.  To be clear, Respondents do <u>not</u> waive any right to arbitrate that exists as a result of Woodfield executing an agreement to arbitrate and Respondents hereby expressly reserve any and all rights to arbitrate Claimant Woodfield's dispute pursuant to any applicable and binding agreement to arbitrate between the parties.

As background, on May 22, 2023, Respondents submitted an objection letter to Claimant Woodfield's demand for arbitration asserting that the demand was deficient because it failed to include a copy of Claimant Woodfield's signed and dated arbitration agreement, and instead attached an unsigned, undated, and unexecuted arbitration agreement.  *See* Woodfield's Demand for Arbitration.  Specifically, Respondents stated that, under JAMS Employment Arbitration Rules and Procedures, Rule 5(a), Claimant Woodfield's submission to JAMS was incomplete and insufficient to confer JAMS with any authority or jurisdiction to initiate an arbitration on behalf of Claimant Woodfield.  Respondents further requested that JAMS not proceed with commencing an arbitration on behalf of Claimant Woodfield unless and until Claimants' Counsel submitted a signed and dated arbitration agreement specifying JAMS as the arbitration provider for Claimant Woodfield.

<u>Nowhere in Respondents' May 22, 2023 objection letter did Respondents state (or even suggest) that they were waiving any rights to arbitrate Claimant Woodfield's dispute and claims against</u>

DB2/ 45928871.1

Morgan, Lewis & Bockius LLP

One Market
Spear Street Tower
San Francisco, CA  94105-1596          ☎ +1.415.442.1000
United States                                       📠 +1.415.442.1001

Sarah Nevins
June 1, 2023
Page 2

<u>Respondents</u>.  To the contrary, Respondents have consistently reiterated their intention to abide by any requisite procedures outlined in an agreement to arbitrate between the parties.  Separately, Respondents' counsel had previously explained to Claimants' Counsel the procedure by which their clients could request their respective DRAs from Twitter.  Respondents' counsel even proposed that Claimants' Counsel provide them with the names of their clients who have attempted and allegedly been unable to obtain copies of their arbitration agreements, so that Respondents' counsel could then follow-up with Twitter regarding those claimants specifically.  Claimants' Counsel has not indicated that either Claimant Woodfield or counsel acting on his behalf ever attempted to obtain a copy of Claimant Woodfield's arbitration agreement with Twitter.  Respondents, again, invite them to do so, consistent with the parties' previous discussions.

Sincerely,

/s/ Eric Meckley

Eric Meckley

Cc:  Claimants' Counsel Akiva M. Cohen

DB2/ 45928871.1