# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

CHRIS WOODFIELD, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,

    *Plaintiff*,

  v.

TWITTER, INC., X CORP., X HOLDINGS I, INC., X HOLDING CORP., and ELON MUSK,

    *Defendants*.

C.A. No. 1:23-cv-780-CFC

## DEFENDANT ELON MUSK'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT MUSK'S MOTION TO DISMISS

Dated: September 6, 2023

Eric Meckley (*pro hac vice forthcoming*)
One Market, Spear Street Tower
San Francisco, CA 94105
415-442-1000
eric.meckley@morganlewis.com

T. Cullen Wallace (*pro hac vice forthcoming)*
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
713-890-5722
cullen.wallace@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP

Jody C. Barillare (#5107)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
302-574-7294
jody.barillare@morganlewis.com

*Attorneys for Defendant Elon Musk*

1

## REQUEST FOR JUDICIAL NOTICE

Defendant Elon Musk ("Defendant") hereby requests that the Court take judicial notice of certain documents set forth below in deciding Defendant Musk's motion to dismiss.

Federal Rule of Evidence 201 ("Rule 201") allows a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

While a district court may generally not consider materials beyond the pleadings in ruling on a motion to dismiss, an exception to this general rule is that a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment where the documents "cannot be reasonably disputed and [their] accuracy cannot reasonably be questioned." *Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991) (taking judicial notice of Security and Exchange Commission filings); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (finding that when evaluating a motion to dismiss, courts may consider documents "incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case."); *Acierno v.*

*Haggerty*, No. CIV.A. 04-1376-KAJ, 2005 WL 3134060, at *6 (D. Del. Nov. 23, 2005) ("[T]o the extent that the documents submitted by the Individual Defendants are public documents or the decisions of other courts, I take judicial notice of those documents and will consider them here in deciding this motion to dismiss. Contrary to Acierno's assertions, this does not turn the pending motions into ones for summary judgment.")

Public and government records taken from official websites whose accuracy cannot reasonably be questioned are subject to judicial notice. *Brulee v. Geico Insurance Agency Inc.* No. 19 (E.D. Cal. July 19, 2018) (citing *O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web"); *Denius v. Dunlap,* 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information on the website of a government agency); *United States ex rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) ("government documents are generally considered not to be subject to reasonable dispute…This includes public records and government documents available from reliable sources on the Internet.").

Additionally, this Court may take judicial notice of documents that are incorporated by reference into a plaintiff's Complaint. *In re Asbestos Products Liability Litig.*, 822 F.3d 125, 133 n.7 (3d Cir. 2016); *PBGC v. White Consol. Indus.*,

998 F.2d 1192, 1196 (3d Cir. 1993); *In re US West, Inc. Secs. Litig.*, 65 F. App'x 856, 861 n.2 (3d Cir. 2003) (noting it was appropriate to consider the entire contents of a Merger Agreement and Proxy Statements in deciding a motion to dismiss a claim that shareholders were entitled to damages arising out of a misleading proxy).

Pursuant to these guidelines, Defendant requests that the Court take judicial notice of the following document:

**Exhibit A:** Attached as Exhibit "A" is a true and correct copy of the Agreement & Plan of Merger ("Merger Agreement") between Twitter, Inc. and X Holdings I, Inc. and X Holdings II, Inc. This document was obtained on today's date from the online EDGAR database maintained by the United States Securities & Exchange Commission, which may be found in its entirety at the following website: https://www.sec.gov/Archives/edgar/data/1418091/000119312522120474/d310843 ddefa14a.htm

| | |
|---|---|
| Dated: September 6, 2023 | MORGAN, LEWIS & BOCKIUS LLP |
| | /s/ *Jody C. Barillare* |
| Eric Meckley (*pro hac vice forthcoming*) | Jody C. Barillare (#5107) |
| One Market, Spear Street Tower | 1201 N. Market Street, Suite 2201 |
| San Francisco, CA 94105 | Wilmington, Delaware 19801 |
| 415-442-1000 | 302-574-7294 |
| eric.meckley@morganlewis.com | jody.barillare@morganlewis.com |
| | *Attorneys for Defendant Elon Musk* |
| T. Cullen Wallace (*pro hac vice forthcoming)* | |
| 1000 Louisiana Street, Suite 4000 | |
| Houston, TX 77002-5005 | |

713-890-5722
cullen.wallace@morganlewis.com

5