# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRIS WOODFIELD, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiff*,<br><br>v.<br><br>TWITTER, INC., X CORP., X HOLDINGS I, INC., X HOLDING CORP., and ELON MUSK,<br><br>*Defendants*. | C.A. No. 1:23-cv-780-CFC |

**DEFENDANT X CORP. f/k/a TWITTER, INC. AND X HOLDINGS CORP. f/k/a X HOLDINGS I, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE THE DECLARATION OF AKIVA COHEN (D.I. 27)**

Dated: November 3, 2023

Eric Meckley (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
415-442-1000
eric.meckley@morganlewis.com

T. Cullen Wallace (*pro hac vice*)
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
713-890-5722
cullen.wallace@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP

Jody C. Barillare (#5107)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
302-574-7294
jody.barillare@morganlewis.com

*Attorneys for Defendants X Corp. f/k/a Twitter, Inc. and X Holdings Corp. f/k/a X Holdings I, Inc.*

1

I.  **INTRODUCTION**

On September 28, 2023, Plaintiff submitted the Declaration of Akiva Cohen (D.I. 27) ("the Declaration") in support of his Opposition to Defendants' X Corp. f/k/a Twitter, Inc. and X Holdings Corp. f/k/a X Holdings I, Inc. ("Defendants") Motion to Compel Arbitration.  This Declaration contains proffered evidence that is inadmissible under the Federal Rules of Evidence ("FRE").  First, most of the proffered evidence is simply not relevant to Defendants' pending Motion to Compel Arbitration, as it pertains to arbitration proceedings involving other persons that are separate from and unrelated to Plaintiff Woodfield's current lawsuit and the circumstances relevant to the enforcement of his Dispute Resolution Agreement.  In addition to providing irrelevant evidence, the Declaration includes testimony and exhibits that lack the requisite foundation and personal knowledge and, in several instances, constitute nothing but inadmissible speculation.  Finally, the Declaration contains improper hearsay.

For these reasons, Defendants move for an order striking certain paragraphs in and exhibits attached to the Declaration because such evidence is inadmissible under the Federal Rules of Evidence 401, 402, 602, 801, and 802.

II.  **BACKGROUND**

On August 28, 2023, Defendants filed a Motion to Compel Arbitration, moving to dismiss Plaintiff's class action complaint and compel the individual

arbitration of Plaintiff's claims pursuant to the terms of the parties' binding Dispute Resolution Agreement ("DRA"). D.I. 12. On September 28, 2023, Plaintiff filed his Opposition to Defendants' Motion to Compel Arbitration, arguing that because Defendants purportedly breached the DRA and waived their right to arbitration, Plaintiff was permitted to bring his claims before this Court and on behalf of a putative class. D.I. 26. In support of his Opposition, Plaintiff submitted a declaration from his counsel, Akiva Cohen. D.I. 27.

Pursuant to the Court's inherent authority to manage its own docket and Local Rule 7.1.2, Defendants hereby move to strike all paragraphs and exhibits in the Declaration that are inadmissible under the Federal Rules of Evidence 401, 402, 602, 801, and 802.

### III.  LEGAL STANDARD

Federal Rules of Evidence 401 and 402 govern the admissibility of relevant evidence. "Evidence is relevant is: (a) it has any tendency to make a fact more of less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Federal Rule of Evidence 401. "Irrelevant evidence is not admissible." Federal Rule of Evidence 402. Federal Rule of Evidence 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge

of the matter." Federal Rules of Evidence 801 and 802 prohibit hearsay where there is no applicable exception to render the out of court statement admissible.

## IV. ARGUMENT

### A. The Court Should Strike All Irrelevant Evidence.

The Court should strike paragraphs 2-3, 5-7, 9, 14-22, 24, 28-30, 32-36, 38-40 and Exhibits 2-5, 7-10, 12-13, 15-19,[1] as this evidence is not relevant to the issues before the Court, and inadmissible under Federal Rules of Evidence 401 and 402. The testimony and Exhibits reference and relate to arbitration proceedings, lawsuits, and potential demands for arbitration involving other persons that are wholly separate from Plaintiff's current lawsuit and have no bearing on Defendants' pending Motion to Compel Arbitration of Plaintiff Woodfield's individual claims. The proffered evidence has no tendency to make any fact that is of consequence to Defendants' pending Motion to Compel Arbitration more or less probable than it would be without the evidence. Put differently, evidence related to separate legal proceedings involving different claimants does bear upon the issues relevant to Defendants' Motion to Compel Arbitration and Plaintiff's Opposition thereto. Accordingly, the evidence is inadmissible and should be stricken.

---

[1] For ease of reference to the Court, a chart restating each specific paragraph of the Declaration that contains inadmissible testimony, and the corresponding Federal Rules of Evidence that compel exclusion of each paragraph, is attached hereto as **Exhibit A**.

> **B.     The Court Should Strike All Evidence That Lacks Foundation and Personal Knowledge.**

The Court should strike paragraphs 2-3, 5-9, 14-22, 24-25, 27-36, and 38-41, and Exhibits 2-5, 7-10, 12-13, and 15-19, as Plaintiff has offered this evidence without the requisite foundation and personal knowledge and the evidence inadmissible under Federal Rule of Evidence 602.  As provided above, the Declaration consistently refers to legal proceedings that are separate and unrelated to Plaintiff's action.  Plaintiff points to these other legal proceedings as evidence of Defendants' practices and motives in responding to *Plaintiff's* arbitration demand. Plaintiff's counsel fails to lay a proper foundation to justify how (if at all) these separate proceedings bear on Plaintiff's claims and Defendants' pending Motion to Compel Arbitration.  As a result, Plaintiffs' proffered evidence lacks foundation and is inadmissible under Federal Rule of Evidence 602.

Plaintiff's counsel also makes unfounded statements throughout his Declaration that lack personal knowledge.  For example, Plaintiff's counsel makes statements regarding (1) the process that *another law firm* followed for filing arbitration demands (*see* D.I. 27, ¶ 9); (2) Defendants' supposed purpose when making objections in separate and unrelated arbitration proceedings (*see id.*, at ¶ 15); (3) Defendants' supposed methods for checking employees' employment files (*see id.*); (4) the supposed date when Twitter updated its DRA to include a provision requiring arbitration with JAMS (*see id.*, at ¶ 24); (5) JAMS' supposed conduct of

5

"accepting the filing" of Plaintiff's demand for arbitration (despite the fact that JAMS *declined* to proceed with Plaintiff's arbitration until Plaintiff provided a fully executed DRA) (*see id.*, at ¶ 25); (6) Defendants' supposed thought processes and decision-making about the payments for unrelated arbitration proceedings (*see id.*, at ¶ 28); and (7) Twitter's supposed employment policies, including Twitter purportedly "require[ing] employees to sign [DRAs] as a condition of beginning their employment at Twitter" (when, in fact, this is negated by the express terms of the parties' DRA) (*see id.*, at ¶ 31).  All of these statements by Plaintiff's counsel are not based on any personal knowledge and are entirely lacking in the requisite evidentiary foundation, and most of them are directly contradicted by the admissible evidence that Defendants submitted with their moving papers in support of their Motion to Compel Arbitration.

Finally, Plaintiff's counsel references a written inquiry that he supposedly made to JAMS, but fails to attach the correspondence as an exhibit to the Declaration, and therefore his statement lacks foundation.  *See* D.I. 27, at ¶ 33.  For all these reasons, the Court should strike this evidence as inadmissible under Federal Rule of Evidence 602.

    **C.**    **The Court Should Strike All Evidence That Is Based on Improper Speculation.**

The Court should strike paragraphs 2-3, 5-9, 14-22, 24-25, 27-32, 34-36, and 38-41, as this testimony contains improper speculation and is inadmissible under

Federal Rule of Evidence 602. Again, as described above, the majority of the Declaration references legal proceedings and claimants that have no relation to Plaintiff's lawsuit or Defendants' pending Motion to Compel Arbitration. The Declaration makes sweeping generalizations and misstatements about Defendants' conduct in these separate legal proceedings in an attempt to mischaracterize Defendants' practices and motives. For example, the Declaration repeatedly mischaracterizes Defendants' conduct in these unrelated arbitration proceedings as being part of a concerted "delay tactic" (*see, e.g.*, D.I. 27, at ¶ 28), which is not only pure speculation, but also refuted by the record. Accordingly, this evidence should be stricken as inadmissible under Federal Rule of Evidence 601.

        **D.    The Court Should Strike All Evidence That Constitutes Inadmissible Hearsay.**

The Court should strike paragraphs 18-19, 21, 27, 29, 33, 36, 38, and 40-41, and Exhibits 7, 9, and 13, as this evidence constitutes inadmissible hearsay under Federal Rules of Evidence 801 and 802. First, Plaintiff's counsel attempts to introduce evidence regarding his unidentified clients and their unidentified emails to and from the Twitter "People Questions" email address. D.I. 27, at ¶¶ 18, 19, 21, Exs. 7, 9. Second, Plaintiff's counsel refers to Plaintiff's state of mind and decision-making, without providing any declaration from Plaintiff attesting to this statement. *Id.*, at ¶ 27. Third, Plaintiff's counsel references JAMS invoices in separately pending arbitration proceedings without attaching those invoices. *Id.*, at ¶¶ 29, 41.

Fourth, Plaintiff's counsel references a written inquiry that he supposedly made to JAMS, but does not attach as an exhibit to his Declaration the inquiry. *Id.*, at ¶ 33. Fifth, Plaintiff's counsel purports to reference Defendants' counsel's arguments in a separate arbitration proceeding. *Id.*, at ¶¶ 36, 38, 40, 41. All of these statements constitute improper hearsay, and should be stricken as such.

## V. REQUEST FOR RELIEF

Based on the foregoing, Defendants respectfully request an Order striking paragraphs 2-3, 5-9, 14-22, 24-25, 27-36, and 38-41, and Exhibits 2-5, 7-10, 12-13, and 15-19, from the Cohen Declaration (D.I. 27), and any reference or citation to it contained in Plaintiff's Opposition to Defendants' Motion to Compel Arbitration (D.I. 26).

## VI. CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1.

Pursuant to Local Rule 7.1.1, Defendants' counsel conferred with Plaintiff's counsel regarding this Motion. Plaintiff's counsel responded that Plaintiff opposes this Motion.[2]

---

[2] At the parties' meet and confer, Plaintiff's counsel suggested that this Motion is somehow untimely under *U.S. v. Gibbs*, 739 F.2d 838 (3d Cir. 1984). *Gibbs* is inapplicable. In *Gibbs*, the Third Circuit concluded that a criminal defendant failed to timely move to strike out-of-court statements pursuant to the Confrontation Clause because defendant waited until after the government rested it's case-in-chief to strike the out-of-court statements, and thereby precluded the government from curing defendant's evidentiary objection. *Id.* at 849-50 ("That simple objection, if made when the Government sought to introduce the [out-of-court statements], would have warned the Government of the need to call [the declarant], or to prove his

8

| | |
|---|---|
| Dated: November 3, 2023 | MORGAN, LEWIS & BOCKIUS LLP |
| | /s/ *Jody C. Barillare* <br> Jody C. Barillare (#5107) <br> 1201 N. Market Street, Suite 2201 <br> Wilmington, Delaware 19801 <br> 302-574-7294 <br> jody.barillare@morganlewis.com |
| | *Attorneys for Defendants X Corp. f/k/a Twitter, Inc. and X Holdings Corp. f/k/a X Holdings I, Inc.* |

---

unavailability in other ways."). Here, to the extent that portions of the Declaration that violate the Federal Rules of Evidence may be cured, Plaintiff has ample time to take curative measures.

9