## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHRIS WOODFIELD, ON BEHALF
OF HIMSELF AND ALL OTHERS
SIMILARLY SITUATED,

            PLAINTIFF,

   v.

TWITTER, INC., X CORP., X
HOLDINGS I, INC., X HOLDING
CORP., AND ELON MUSK,

            DEFENDANTS.

C.A. No. 1:23-cv-00780-CFC

## PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF AKIVA COHEN

Of Counsel

Akiva Cohen (*pro hac vice*)
Dylan M. Schmeyer (*pro hac vice*)
Michael D. Dunford (*pro hac vice*)
Lane A. Haygood (*pro hac vice*)
KAMERMAN, UNCYK, SONIKER &
KLEIN P.C.
1700 Broadway, 16th Floor
New York, NY 10019
Tel: (212) 400-4930
acohen@kusklaw.com
dschmeyer@kusklaw.com
mdunford@kusklaw.com
lhaygood@kusklaw.com

*Attorneys for Plaintiffs*

Joseph L. Christensen (#5146)
CHRISTENSEN & DOUGHERTY LLP
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
Tel: (302) 212-4330
joe@christensendougherty.com

# **<u>TABLE OF CONTENTS</u>**

**Page**

I.    NATURE AND STAGE OF PROCEEDINGS ....................................................1

II.   SUMMARY OF THE ARGUMENT ..............................................................1

III.  THE MOTION TO STRIKE SHOULD BE DENIED AS UNTIMELY. .......4

IV.   THE OBJECTIONS ARE, IN ANY EVENT, MERITLESS ........................6

    A.   Plaintiff's evidence of Defendants' intentional delay is relevant and well-founded ............................................................................................7

    B.   Defendants' Rule 602 objections are baseless ............................................12

    C.   Defendants' hearsay objections are baseless................................................15

    D.   Defendants' generalized objections are insufficient ...................................17

V.    CONCLUSION ..........................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anoke v. Twitter, Inc.*,
  No. 3:23-cv-02217 (N.D. Cal.) ...............................................................6

*Cleveland v. Home Shopping Network, Inc.*,
  369 F.3d 1189 (11th Cir. 2004) .........................................................11

*Eisai Co. v. Teva Pharms. USA, Inc.*,
  629 F. Supp. 2d 416 (D.N.J. 2009), *as amended* (July 6, 2009) .........................9

*Epic Sys. Corp. v. Lewis*,
  138 S. Ct. 1612 (2018) ...................................................................8

*Est. of Henson v. Wichita Cnty.*,
  988 F. Supp. 2d 726 (N.D. Tex. 2013) ..................................................9

*Guerrero v. Total Renal Care, Inc.*,
  932 F. Supp. 2d 769 (W.D. Tex. 2013) ...................................................5

*In re Real Est. Assocs. Ltd.  Litig.*,
  No. CV 98-7035 DDP(AJWX) (C.D. Cal. Aug. 29, 2002) ..............................14

*Kiliszek v. Nelson, Watson, & Assocs., LLC*,
  No. 3:04CV2604 (M.D. Pa. Feb. 14, 2006)......................................................19

*Lemelson v. Bendix Corp.*,
  621 F. Supp. 1122 (D. Del. 1985), , 800 F.2d 1135 (3d Cir. 1986) ....................9

*Menorah Ins. Co. v. INX Reins. Corp.*,
  72 F.3d 218 (1st Cir.1995)...............................................................8

*Muffley v. Cameron*,
  No. CV 15-152 (E.D. Pa. May 18, 2020) ..............................................19

*Nyerges v. Pac. Sunwear of California, LLC*,
  No. SACV2101123CJCDFMX (C.D. Cal. July 6, 2022)...................................8

*Pack v. Hoge Fenton Jones & Appel, Inc.*,
  No. 12-CV-4512-SC (N.D. Cal. Jan. 10, 2013)....................................................5

*Quiros v. Wal-Mart Stores, Inc.*,
No. 5:12-CV-177-C (N.D. Tex. Jan. 6, 2014) ......................................................10

*Rosson v. Home Centers, LLC*,
No. 4:17-CV-01254-SGC (N.D. Ala. Mar. 29, 2019) .........................................10

*Schreiber v. Friedman*,
No. 15CV6861CBAJO (E.D.N.Y. Mar. 31, 2017)................................................8

*Stanley v. A Better Way Wholesale Autos, Inc.*,
No. 3:17-CV-01215-MPS (D. Conn. Aug. 15, 2018)...........................................8

*Starlight , Inc. v. Herlihy*,
181 F.R.D. 494 (D. Kan. 1998) ............................................................................5

*Terrell v. Poland*,
744 F.2d 637 (8th Cir. 1984) ................................................................................4

*U.S v. Cadavid-Yepes*,
446 F. 802 (6th Cir. 2012) ..................................................................................11

*U.S. v. Everett*,
237 F.3d 631 (5th Cir.2000) .................................................................................5

*U.S. v. Gibbs*,
739 F.2d 838 (3d Cir. 1984)..................................................................................2

*U.S. v. Peleti*,
576 F.3d 377 (7th Cir. 2009) ..........................................................................5, 11

*U.S. v. Ringwalt*,
213 F. Supp. 2d 499 (E.D. Pa. 2002) ...................................................................9

*Ybarra v. Filson*,
869 F.3d 1016 (9th Cir. 2017) ........................................................................5, 11

## Rules

Fed. R. Ev. 103(a)(1) ...................................................................................................9

Fed. R. Evid. 801(c)...................................................................................................19

Fed. R. Evid. 801(d)(2)...............................................................................................19

## I.        Nature and Stage of Proceedings

This is Plaintiff's Answering Brief to the Motion of Defendants X Corp. f/k/a Twitter, Inc. ("Twitter") and X Holdings Corp. f/k/a X Holdings I, Inc. ("X Holdings" and, collectively, "Defendants") to Strike D.I. 27 (the "Declaration"). By rule, this brief is due on November 17, 2023.

## II.       Summary of the Argument

1.      The motion is untimely and should be denied for that reason alone. On September 28, 2023, Plaintiff filed the Declaration of Akiva M. Cohen (D.I. 27) in support of his opposition to Defendants' Motion to Compel Arbitration. On October 27, 2023 – a month later, and only after Plaintiff filed his opposition to Defendant Musk's separate motion to dismiss – Defendants' counsel asked to meet and confer about purported objections to the declaration. In scheduling the meet and confer, Plaintiff's counsel asked Defendants' counsel to be "prepared to discuss why it took [Defendants' counsel] a month to notice and raise those purported objections and any basis for the position that [Defendants] didn't waive any objections by failing to timely raise them." Declaration of Akiva M. Cohen, Ex. 1. At the meet and confer, however, Defendants' counsel refused to answer basic questions about Defendants' strategic delay of their objections to Plaintiffs' evidence. *Id.*, ¶¶ 4-5. Asked when Defendants first noticed facts that led them to conclude they had a basis to object to the evidence in the Declaration, Defendants'

1

counsel declined to respond. *Id.* Asked whether anything had prevented Defendants from identifying the basis for the objections upon their receipt of the Declaration, counsel refused to respond. *Id.* And, when Plaintiff's counsel noted that it looked as though Defendants had strategically delayed their objections out of concern that Plaintiff might "fix" whatever issues they raised when he filed his response to Musk's separate motion, Defendants' counsel denied that was the strategy but specifically declined to suggest any alternative explanation for the delay. *Id.* Whatever the reason, however, the delay is itself reason enough to deny the motion, because objections must be promptly raised, and Defendants instead sat on their objections, to Plaintiff's prejudice. *See U.S. v. Gibbs*, 739 F.2d 838, 849 (3d Cir. 1984) ("the appropriate time for raising an objection is as soon as the ground for objection is known, or could reasonably have been known to the objector-unless some special reason makes its postponement desirable and not unfair to the opposition").

2.    In any event, Defendants' objections are meritless. Defendants object that evidence pertaining to arbitrations other than Mr. Woodfield's is irrelevant. Not so. Not only is this a proposed class action (such that evidence of Twitter's class-wide material breaches is relevant), but evidence is relevant when it has any tendency to make a relevant fact more or less likely to be true. As discussed in the opposition to Defendants' motion to compel arbitration, the evidence of Twitter's

wide pattern of unreasonably and strategically delaying litigation of claims brought against it in arbitration is relevant to assessing Twitter's intent, in the conduct at issue, to unreasonably and strategically delay Mr. Woodfield's arbitration.

3.     The remainder of Defendants' objections fare no better. Defendants appear to confuse "facts that Defendants dislike" with "speculation" or "lack of foundation." (For instance, Mr. Cohen testified, accurately, that every arbitration Plaintiff's counsel has filed has been delayed by at least two months due to Twitter's payment delays. Though Mr. Cohen self-evidently has personal knowledge of the schedules and payment timelines in the arbitrations he has appeared in, and though Defendants did not contest any of the facts to which he testified, Defendants object to that testimony as "Speculation" and "Lacks Foundation." *See* D.I. 38-1 at 2-3 (objection No. 3).) And Defendants' "hearsay" objections reflect a fundamental misunderstanding of the nature of hearsay. For instance, Defendants object to Mr. Cohen's testimony that JAMS told him that it "could not bill [fees for the arbitrator to decide a motion] entirely to Defendants absent their consent" as hearsay, *id.* at 11 (no. 25), though that testimony was not offered to prove what JAMS would or would not allow, but for its impact on the listener's state of mind (being informed of JAMS's position prompted Mr. Cohen to suggest the motion procedure described in Paragraph 34 of the Declaration). In any event, were JAMS's intent relevant, their statement as to how they intended to

3

proceed would be admissible under Rule 803(3). The objections are ill-founded and should be rejected.

4.      Finally, the Court should decide to consider the unexplicated boilerplate objections included in Defendants' "chart" of objections, D.I. 38-1, unless those objections are specifically explained in Defendants' brief. Defendants' chart quotes entire paragraphs from the Declaration and juxtaposes them against one- (or two-)word invocations of the objections ("Relevance"; "Speculation"; "Hearsay" and "Lacks Foundation"). Defendants decline to specify which objections they believe apply to which portion of the quoted text, or why, and neither Plaintiff nor the Court should be tasked with attempting to divine that detail, as would be required to allow Plaintiff to respond to the objection or the Court to adjudicate it.

### III.      The Motion to Strike Should be Denied as Untimely.

It is well-settled that objections to evidence not raised promptly are waived. "[T]he appropriate time for raising an objection is as soon as the ground for objection is known, or could reasonably have been known to the objector-unless some special reason makes its postponement desirable and not unfair to the opposition." *Gibbs*, 739 F.2d at 849 (trial court did not abuse discretion when it deemed belated objection waived). *See also Terrell v. Poland*, 744 F.2d 637, 639 (8th Cir. 1984) (motion to strike hearsay properly denied as untimely when made at

close of evidence); *Guerrero v. Total Renal Care, Inc.*, 932 F. Supp. 2d 769, 777 (W.D. Tex. 2013) (denying motion to strike declaration evidence submitted on summary judgment because "[i]n the specific context of hearsay, moreover, a party waives a hearsay challenge if he does not "timely object[ ] or move[ ] to strike." *See* Fed. R. Ev. 103(a)(1); *see also U.S. v. Everett*, 237 F.3d 631, 2000 WL 1701776, at *5 n. 7 (5th Cir.2000) ("Hearsay admitted without objection 'is to be considered and given its natural probative effect as if it were in law admissible'"). *Cf. Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 497 (D. Kan. 1998) (discovery objections waived when there was no good cause for failure to timely interpose them).

Here, Defendants waited more than a month after Plaintiff first submitted the Declaration to raise their objections, waiting until the companion motion to dismiss filed by Mr. Musk was fully briefed. That Defendants strategically and deliberately delayed their objections until that briefing is clear from Defendants' counsel's refusal to offer any other explanation for the delay. *Cf. Ybarra v. Filson*, 869 F.3d 1016, 1029 (9th Cir. 2017) (accepting inferences where "the state offers no alternative explanation"); *U.S. v. Peleti*, 576 F.3d 377, 384 (7th Cir. 2009) (in assessing validity of inferences drawn by government, "it is telling that Peleti has offered no alternative explanation"); *Pack v. Hoge Fenton Jones & Appel, Inc.*, No. 12-CV-4512-SC, 2013 WL 140027, at *3 (N.D. Cal. Jan. 10, 2013) (concluding

that plaintiff engaged in sanctionable forum shopping where he "offers no alternative explanation for the timing" of his filings). But it is also clear by comparing Defendants' delayed objection in *this* action with Defendants' promptness in *other* actions in which they raised evidentiary objections. For instance, in *Anoke v. Twitter, Inc.*, No. 3:23-cv-02217 (N.D. Cal.), involving the same counsel and which involved a petition to compel arbitration of similar claims against these same Defendants, Defendants filed an objection and motion to strike evidence on May 25, 2023 (D.I. 30), just six days after the filing was submitted (D.I. 29). *See* Cohen Dec. Ex. 2 at D.I. 29, 30. After the *Anoke* case was remanded to state court and the parties engaged in further briefing, Defendants filed similar objections just two days after the evidence being objected to was filed. Cohen Dec, ¶ 6 & Ex. 3.

Defendants, in other words, have proven themselves more than capable of interposing timely (if non-meritorious) objections in the past, as one would expect for a firm of that caliber. Their failure to do so here thus requires denial of the motion to strike.

## IV.      The Objections are, in Any Event, Meritless

Even were Defendants objections timely, they would need to be rejected on their merits.

### A. Plaintiff's evidence of Defendants' intentional delay is relevant and well-founded

Defendants object to Plaintiff's evidence that Defendants have engaged in a broad and deliberate campaign of intentionally delaying their former employees' arbitrations as "irrelevant." *See* D.I. 38-1. Defendants do so because they cannot deny that they *did, in fact*, engage in such a deliberate campaign of delay. Defendants could have denied any intent to delay the arbitrations, and submitted a declaration to that effect; they did not. Defendants could have argued that their serial payment delays were an unavoidable artifact of their payment systems, and submitted a declaration to that effect; they did not. Defendants could have argued that there actually was some reason other than bad-faith delay that prevented them from locating employee DRAs when the employees demanded arbitration, and submitted a declaration to that effect; again, they did not.

Instead, Defendants have staked out a different position: that their bad faith, deliberate attempts to delay the arbitration process generally is irrelevant to their motion to compel Mr. Woodfield to arbitrate with them. But that is flatly wrong.[1]

---

[1] Defendants will no doubt object that Plaintiff is engaging in improper surreply by arguing the merits of his position on this brief. But Defendants, not Plaintiff, opted to move to strike on the basis that Plaintiff's evidence was "irrelevant" and "speculative"; thus, Plaintiff's opposition to the motion to strike must explain why that evidence is relevant and Plaintiff's conclusions from that evidence are sound.

No less an authority than the Supreme Court has confirmed that speed and efficiency are key virtues of arbitration. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1623 (2018) ("the virtues Congress originally saw in arbitration" were "its speed and simplicity and inexpensiveness"). For that reason, courts have had no difficulty holding that a party's deliberate and bad-faith delay of arbitration precludes that party from compelling arbitration. *See*, *e.g.*, *Stanley v. A Better Way Wholesale Autos, Inc.*, No. 3:17-CV-01215-MPS, 2018 WL 3872156, at *7 (D. Conn. Aug. 15, 2018) (arbitration will not be compelled "where, as here, the record strongly suggests a deliberate strategy unilaterally designed to delay the arbitration proceedings")(quotation omitted); *Schreiber v. Friedman*, No. 15CV6861CBAJO, 2017 WL 5564114, at *14 (E.D.N.Y. Mar. 31, 2017) (denying motion to compel arbitration where "the record demonstrates that Friedman engaged in an intentional pattern of gamesmanship and delay"). *Cf. Menorah Ins. Co. v. INX Reins. Corp.*, 72 F.3d 218, 222-23 (1st Cir.1995) (proximate relationship between intentionally dilatory tactics and an opponent's litigation expenses is sufficient to find waiver of right to compel arbitration); *Nyerges v. Pac. Sunwear of California, LLC*, No. SACV2101123CJCDFMX, 2022 WL 20717551, at *2 (C.D. Cal. July 6, 2022) (an intent to "subject a claimant to delay and its attendant pressures … perverts the FAA's goals").

That line of precedent turns on the dilatory party's *intent* to delay as a tactic, and subjective intent can be proven through a pattern of similar conduct. *See*, *e.g.*, *Est. of Henson v. Wichita Cnty.*, 988 F. Supp. 2d 726, 731 (N.D. Tex. 2013) (evidence of a pattern can prove the existence of an unstated policy), *aff'd sub nom. Est. of Henson v. Wichita Cnty., Tex.*, 795 F.3d 456 (5th Cir. 2015); *Whetstone v. Bohinski*, No. 3:08-CV-2306, 2010 WL 1505906, at *3 (M.D. Pa. Apr. 13, 2010) (allowing discovery of evidence intended to show pattern of behavior that, if shown, "would allow a fact-finder to infer a motive and intent, and … rebut any claim of mistake or innocent error"); *Eisai Co. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416, 430 (D.N.J. 2009), *as amended* (July 6, 2009) (overruling magistrate and holding that pattern evidence is relevant to proving intent); *U.S. v. Ringwalt*, 213 F. Supp. 2d 499, 505 (E.D. Pa. 2002) (defendant's "consistent pattern" was evidence of intent), *aff'd*, 66 F. App'x 446 (3d Cir. 2003). The evidence of Defendants' broad and deliberate pattern of intentional gamesmanship and delay is therefore unquestionably relevant to Defendants' motion to compel arbitration.

Nor is Plaintiff's conclusion that Defendants are engaged in an intentional campaign of delay "speculative" or without foundation. In *Lemelson v. Bendix Corp.*, 621 F. Supp. 1122 (D. Del. 1985), *aff'd*, 800 F.2d 1135 (3d Cir. 1986), this Court discussed the distinction between speculation and reasonable conclusions based on evidence. 621 F. Supp. at 1130 ("inferences based on circumstantial

9

evidence must be reasonable and not merely speculative"). What is reasonable depends on the particular circumstances, logic, and common sense. *Id.* The classic indicator of speculation is that the same set of facts is open to more than one plausible interpretation, with no fact-based reason to pick between "plausible versions of the facts." *Id.* at 1130-31 ("Where, as here, there are at least two plausible versions of the facts … some piece of circumstantial evidence must make the existence of a conspiracy more likely, if only slightly, than the explanation of the facts proffered by the defendants before that evidence can be credited as a reasonable basis for inferring the existence of a conspiracy"). *See also Rosson v. Lowe's Home Centers, LLC*, No. 4:17-CV-01254-SGC, 2019 WL 1429172, at *2 (N.D. Ala. Mar. 29, 2019) (conclusions are speculative where the evidence "will support both [favorable and unfavorable inferences] with equal plausibility"); *Quiros v. Wal-Mart Stores, Inc.*, No. 5:12-CV-177-C, 2014 WL 12531507, at *2 (N.D. Tex. Jan. 6, 2014) ("Circumstantial evidence from which equally plausible but opposite inferences may be drawn is speculative") (cleaned up)

Here, the Court need not assess which of competing explanations for Defendants' conduct is more plausible, because there *are no competing explanations*. Plaintiff laid out Defendants' extensive history of delay, including tactics that strongly support the inference that Defendants have sought delay for its own sake. D.I. 27, ¶¶ 3-22, 28-40 and Exs. 2-10, 13-19. Defendants have not

10

offered *any* alternative explanation for their conduct.[2] *See* D.I. 36 (failing to address Defendants' pattern of intentional delay or deny that delay was the goal of Defendants' objection to JAMS's jurisdiction and insistence that Mr. Woodfield separately request a copy of his DRA). Under those circumstances, the Court not only can but should accept the inference drawn by Plaintiff – that Defendants' extensive pattern of delay is intentional gamesmanship. *See Ybarra*, 869 F.3d at 1029 (even where "inferences may seem attenuated" they would be accepted where "the state offers no alternative explanation"); *Peleti*, 576 F.3d at 384 ("While some inferences are required to come up with the conclusion that Peleti smuggled the cash into the United States, it is telling that Peleti has offered no alternative explanation"); *U.S v. Cadavid-Yepes*, 446 F. App'x 802, 808 (6th Cir. 2012) (noting, as relevant evidence of guilt, that defendant failed to present alternative explanation for language government argued was code). *Cf. Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1195 (11th Cir. 2004) (absence of a viable alternative explanation supports inference of discrimination, "especially since the

---

[2] Nor can Defendants attempt to do so on reply on this motion to strike. The question on this motion is whether, *given the record as it exists on the motion to compel arbitration*, Plaintiff's evidence of Defendants' intentional delay is relevant and Plaintiff's conclusion speculative. That record is closed, and this motion provides Defendants no basis to reopen it, even if Defendants now wish to pursue a strategy other than effectively conceding their intent to delay.

11

employer is in the best position to put forth the actual reason"). The motion to strike that evidence must be denied.

### B. Defendants' Rule 602 objections are baseless

Defendants also make objections under Rule 602 that border on frivolous. For instance, Mr. Cohen's Declaration discussed Defendants' objections raised to the *Zhang* arbitrator during a pre-motion conference *in which he participated*. D.I. 27, ¶ 36. Amazingly, Defendants' motion to strike argues that discussion was made "without the requisite foundation and personal knowledge." *See* D.I. 36 at 5. Defendants make similar objections to Mr. Cohen's discussion of documents he reviewed (*see, e.g.*, D.I. 38-1, ¶¶ 4, 8), statements he heard Defendants' counsel make (*see, e.g.*, D.I. 38-1, ¶¶ 28, 29), events he experienced (*see, e.g.*, D.I. 38-1, ¶¶ 3 14), conclusions he reached from known facts (*see, e.g.*, D.I. 38-1, ¶ 5, 32), and even his own conduct and statements (*see, e.g.*, D.I. 38-1, ¶ 11). Similarly, Defendants' motion suggests Mr. Cohen lacked foundation to reference "the processes that *another law firm* followed for filing arbitration demands," D.I. 36 at 5; the cited portion of the Declaration expressly quoted *Defendants' counsel's own description* of those events and cited to *Defendants'* letter to JAMS regarding them, which is admissible evidence as a party-admission. And Defendants' motion argues that the Declaration "lacks foundation" when Mr. Cohen *describes* his own written inquiries to JAMS but "fails to attach the correspondence as an exhibit."

D.I. 36 at 6. That, of course, is not a basis for a Rule 602 objection; it is a "best evidence" objection, but one that equally misconstrues the best evidence rule. *See Advisory Committee Notes* to Fed. R. Evid. 1002 ("an event may be proved by nondocumentary evidence, even though a written record of it was made").

With respect to the specific objections highlighted in Defendants' brief, Defendants object that Mr. Cohen lacks personal knowledge regarding:

- the "process that *another law firm* followed for filing arbitration demands." D.I. 36 at 5. But, as noted above, the Declaration testimony was based on *Defendants' counsel's* description of that process in its correspondence with JAMS, which is admissible as a party-admission and which the Declaration attached as an exhibit. Defendants notably do not claim that the Declaration was *inaccurate* in its description of Ms. Liss-Riordan's filings;

- "Defendants' supposed purpose when making objections in separate and unrelated arbitration proceedings," *id.*, though Mr. Cohen articulated the facts upon which he based his conclusion – and though Defendants *do not deny* that Mr. Cohen's conclusion was correct;

- "Defendants' supposed methods for checking employees' employment files," *id.*, though Mr. Cohen did not testify about any specific methods Defendants might employ, merely referenced the obvious

13

conclusion that *whatever* those methods are, they would not change based on the *reason* Defendants looked at the relevant files – and again, Defendants do not deny that Mr. Cohen was correct;

- "The supposed date when Twitter updated its DRA to include a provision requiring arbitration with JAMS," *id.*, though Mr. Cohen identified the relevant time period by reviewing his clients' many DRAs and identifying the latest date among those DRAs on which one version of the provision was used and the earliest date among those DRAs on which the updated provision was used. *See In re Real Est. Assocs. Ltd. P'ship Litig.*, No. CV 98-7035 DDP(AJWX), 2002 WL 31027557, at *1 (C.D. Cal. Aug. 29, 2002) ("personal knowledge can be based on a review of documents"). Again, if Mr. Cohen's conclusions based on review of the documents are incorrect, Defendants could easily have submitted a declaration to that effect. They chose not to do so because the conclusions were correct;

- "JAMS' supposed conduct of 'accepting the filing' of Plaintiff's demand for arbitration," *id.*, though Mr. Cohen had personal knowledge of JAMS' submission of invoices relating to the filing to Defendants for payment;

14

- Mr. Cohen's *conclusions* from specified facts about "Defendants' supposed thought processes and decision-making about the payments for unrelated arbitration proceedings," *id.*, which conclusions Defendants did not deny were accurate; and

- "Twitter's supposed employment policies," *id.*, though Twitter's employment offer letters expressly required employees to sign arbitration agreements in order to accept employment offers and Twitter previously represented to the Northern District of California that doing so was a condition of employment.[3]

## C. Defendants' hearsay objections are baseless

Defendants' hearsay objections are similarly baseless. As relevant here, evidence is hearsay if it is (1) an out of court statement; (2) offered to prove the truth of the matter asserted, Fed. R. Evid. 801(c); that is not (3) the statement of a party-opponent, Fed. R. Evid. 801(d)(2). A statement by Defendants' counsel within the scope of the representation is (when submitted by Plaintiff) a statement by a party-opponent, and therefore not hearsay. *Id.*, at 801(d)(2)(D). Despite that,

---

[3] That said, this objection is truly puzzling, because the "testimony" being objected to *does not even exist*. Defendants cite Paragraph 31 of the Declaration as the source of Mr. Cohen's supposed testimony about "Twitter's supposed employment policies." But Paragraph 31 of the Declaration describes *JAMS'* response to Twitter's objection, and cites to the already-provided response, included in *Defendants'* submissions, at D.I. 13-9. At no point does that paragraph include testimony about "Twitter's supposed employment policies."

15

Defendants object to Plaintiff's references to "Defendants' counsel's arguments" in multiple paragraphs of the Declaration. *See* D.I. 36 at 8. Of course, Plaintiff was not submitting Defendants' prior arguments as evidence that the arguments were *true*, so the statement could not be hearsay – and even were that not so, the statements would be not hearsay under 801(d)(2)(D). The hearsay objection as to that evidence is simply incoherent.

The remainder of Defendants' "hearsay" objections are equally difficult to find a valid rationale for. Defendants object to Exhibits 7, 9, and 13 to the Declaration as "hearsay." Exhibit 7 is an email from Twitter's "People Questions" email address; therefore it is not hearsay under 801(d)(2)(D), and can be considered for the truth of its statement that the Google form was closed. Exhibit 9 is an email from another client represented by Plaintiff's counsel to Defendant's People Questions email; because it was not submitted for the truth of anything asserted in the email, but merely as evidence that the email was sent, it is not hearsay under 801(c)(2).[4] Exhibit 13 is a notice from JAMS to Defendants that it would be applying the Minimum Standards and that proceeding would be consent to those Minimum Standards, submitted not for the truth of JAMS's statements but as evidence that Defendants had received notice of JAMS's position; it therefore is

---

[4] The same applies to Defendants' objections to other references to counsel's clients' emails to and from the People Questions email address. *See* D.I. 36 at 7.

not hearsay under 801(c)(2). Defendants object to Mr. Cohen "referenc[ing] JAMS invoices … without attaching those invoices," D.I. 36 at 7, again confusing a(n improper) best evidence objection with a hearsay objection. Regardless, the invoices were not referenced for the "truth" of any "statement" made by the invoices, but for the *fact* that the invoices were sent to Defendants. D.I. 27, ¶¶ 29, 41. The same applies to the objection that the Declaration references Mr. Cohen's inquiry to JAMS without attaching the inquiry as an exhibit. D.I. 36 at 8. And Defendants object that the Declaration "refers to Plaintiff's state of mind and decision-making, without providing any declaration from Plaintiff." D.I. 36. But Plaintiff's counsel is obviously competent to describe Plaintiff's litigation choices communicated to JAMS by Plaintiff's counsel.

### D. Defendants' generalized objections are insufficient

Finally, the Court should refuse to consider any "objections" purportedly identified in D.I. 38-1 but not explicated in Defendants' brief, because Defendants also fail to sufficiently articulate specific objections in a manner that would allow Plaintiff to respond to them. For instance, Paragraph 38 of the Declaration recited "At that conference, I asked Defendants' counsel to commit that if Claimant brought a Section 4 petition, Defendants would not argue that since the DRA delegates fee issues to the arbitrator, the reviewing court's jurisdiction extended only to compelling arbitration and would not allow the court to construe the DRA

17

to require the application of the Minimum Standards. Defendant's counsel declined to do so." D.I. 27, ¶ 36. Defendants' chart of objections includes relevance, speculation, foundation, and hearsay. D.I. 38-1 at No. 29. But it provides no insight as to the *basis for* those objections.

The basis for Defendants' relevance objection is obvious, and explained in Defendants' motion (and addressed above): the misplaced contention that Defendants' conduct in connection with claims brought by other former employees sheds no light on their conduct with respect to Mr. Woodfield. But their other objections are a mystery. Defendants raise a "hearsay" objection though the paragraph being objected to does not include any out of court statement by a non-testifying party, let alone a hearsay statement offered for its truth.[5] Defendants object that the entire paragraph "Lacks Foundation" under Rule 602, though on its face Mr. Cohen is expressly describing things he himself heard and said. And Defendants also object to the entire paragraph as "Speculation" though – again –

---

[5] In their brief, Defendants suggest that Paragraph 38 contains hearsay because Mr. Cohen "purports to reference Defendants' counsel's arguments in a separate arbitration hearing." D.I. 36 at 8. But as Defendants' counsel must know, that would only be "hearsay" if Plaintiff were referencing what Defendants' counsel said *as evidence that what Defendants' counsel said was true*; that cannot apply to Defendants' counsel refusing to confirm that they would not later make a particular argument. And even if that were not true, a statement by Defendants' counsel, made at a conference in which they appeared on behalf of Defendants, would not be hearsay under Rule 802(d)(2)(D). And even were *that* not true, it would be a statement of intent or plan admissible under Rule 803(3).

Mr. Cohen was describing *events that he participated in and that had already occurred*.

The entirety of Defendants' "chart" of their objections follows this pattern: a quote of an entire paragraph from the Declaration, followed by a conclusory listing of unexplained objections. That is insufficient. *Cf. Muffley v. Cameron*, No. CV 15-152, 2020 WL 2526551, at *2 (E.D. Pa. May 18, 2020) (objections that do not specify a basis beyond conclusory recitations are not treated as properly raised); *Kiliszek v. Nelson, Watson, & Assocs., LLC*, No. 3:04CV2604, 2006 WL 335788, at *8 (M.D. Pa. Feb. 14, 2006) (presenting conclusory objection is insufficient to carry burden of obtaining protective order). And that insufficiency was clearly intentional; Defendants included the necessary detail when making similar objections to different evidence cited in other matters arising out of the underlying facts at issue here, Cohen Dec, ¶ 7 and Ex. 3, but chose not to do so on this filing. Thus, the Court should entirely disregard any objections included in the chart but not specifically explained in Defendants' briefing.

## V. CONCLUSION

For the reasons set forth above, the motion should be denied.

19

Dated: November 17, 2023

Of Counsel
Akiva Cohen (*pro hac vice*)
Dylan M. Schmeyer (*pro hac vice*)
Michael D. Dunford (*pro hac vice*)
Lane A. Haygood (*pro hac vice*)
KAMERMAN, UNCYK, SONIKER &
KLEIN P.C.
1700 Broadway, 16th Floor
New York, NY 10019
Tel: (212) 400-4930
acohen@kusklaw.com
dschmeyer@kusklaw.com
mdunford@kusklaw.com
lhaygood@kusklaw.com
*Attorneys for Plaintiffs*

Respectfully submitted,

*/s/ Joseph L. Christensen*

Joseph L. Christensen (#5146)
CHRISTENSEN & DOUGHERTY LLP
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
Tel: (302) 212-4330
joe@christensendougherty.com

20