IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRIS WOODFIELD, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>                  Plaintiffs,<br><br>      v.<br><br>X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a X HOLDINGS I, INC. and ELON MUSK,<br><br>                  Defendants. | C.A. No. 1:23-cv-00780-CFC |

**DECLARATION OF AKIVA M. COHEN IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE D.I. 27**

I, Akiva M. Cohen, declare as follows:

1. I am counsel for the Plaintiff, and make this declaration in support of Plaintiff's Opposition to Defendants' Motion to Strike my prior declaration in support of Plaintiff's opposition to Defendants' motion to compel arbitration (the "Motion"). I have personal knowledge of the facts set forth herein and could and would testify competently thereto if required to do so.

2. Defendants first raised the possibility of moving to strike by email sent on Friday October 27, seeking a meet and confer on "evidentiary objections to the Cohen Declaration in support of Plaintiff's Opposition to Defendants' Motion

to Compel Arbitration (D.I. 27)" and providing availability on Monday and Tuesday of the next week. *See* **Exhibit 1** hereto.

3. I responded on Sunday evening, selecting a time for Tuesday and specifically asking that Defendants' counsel "come to the meeting confer prepared to discuss why it took you a month to notice and raise those purported objections and any basis for the position that you didn't waive any objections by failing to timely raise them." *Id.*

4. Despite that advance notice, Defendants' counsel refused to discuss their delay in raising objections. I asked Defendants' counsel when Defendants first became aware of the purported objections they intended to raise. Defendants' counsel said that they would not discuss that. I asked Defendants' counsel whether there was anything that had prevented Defendants from identifying their objections immediately upon receipt of the declaration. Defendants' counsel again refused to discuss that.

5. I then explained to Defendants' counsel that, given their refusals to discuss the issue despite having been specifically asked to meet and confer regarding it, the nature of the objections (which did not require any delay), and Defendants' past history of being able to promptly raise similar (and similarly meritless) evidentiary objections in other litigations, it appeared that Defendants had strategically chosen to delay filing the objections until after Plaintiff filed his

response to Mr. Musk's motion to dismiss, so that Plaintiff could not take those objections into account in that filing. Defendants' counsel denied that was the reason for the delay, but specifically declined to provide any alternative explanation, even when I noted that we would ask the Court to draw the obvious inference from Defendants' lack of any alternative explanation.

6. Indeed, Defendants' prior conduct makes clear that they could have asserted these objections in a timely fashion, but chose not to. In Spring 2023, 17 of my clients who were arbitrating with Defendants on the same types of claims at issue in this action were forced to bring a motion for sanctions under Section 1281.97 of the California arbitration act because Defendants refused to pay the JAMS case opening fees for nearly 60 days after those fees were first invoiced, delaying their arbitrations. Defendants removed the case to Federal court and opposed the Petition. We filed our reply on May 19, 2023, and on May 25, 2023 – just six days later – Defendants filed objections to and a request to strike evidence filed in connection with that reply. *See* **Exhibit 2**. After the case was remanded to California state court, Defendants filed *another* opposition to the Petition, and my clients filed their reply on August 1, 2023. Just two days later, Defendants filed an "objection" to evidence included in the reply, asking the court to strike the supporting declarations. *See* **Exhibit 3**. (Defendants' evidentiary objections were not upheld by either court.)

7.      Defendants' evidentiary objections in the *Anoke* matter are also relevant for another reason, aside from the timing. In their *Anoke* filing – to which, by rule, my clients did not get a response – Defendants included detail about the nature of their objections. *See*, *e.g.*, Ex. 3 at 2, No. 2 (highlighting a specific portion of the paragraph objected to and explaining the basis for the objection: "Specifically …"). Here, when submitting objections as part of a motion to strike to which Mr. Woodfield can respond, Defendants took a different tack: they simply reproduced entire paragraphs of my Declaration in their chart and made bare, boilerplate objections, without specifying the portion of the paragraph to which those objections applied or explaining the alleged rationale for the purported objection. In so doing, they have prevented Mr. Woodfield from specifically addressing their objections, except the few specifically explained in Defendants' brief in support of the motion.

I declare under penalty of perjury under the laws of the State of Delaware and the United States that the foregoing is true and correct.

Executed this 17th day of November 2023 in New Brunswick, New Jersey.

_____
Akiva M. Cohen