# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRIS WOODFIELD, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiff*,<br><br>v.<br><br>TWITTER, INC., X CORP., X HOLDINGS I, INC., X HOLDING CORP., and ELON MUSK,<br><br>*Defendants*. | C.A. No. 1:23-cv-780-CFC |

**DEFENDANT X CORP. f/k/a TWITTER, INC. AND X HOLDINGS CORP. f/k/a X HOLDINGS I, INC.'S REPLY IN SUPPORT OF THEIR <u>MOTION TO STRIKE THE DECLARATION OF AKIVA COHEN (D.I. 27)</u>**

Dated: November 29, 2023

Eric Meckley (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
415-442-1000
eric.meckley@morganlewis.com

T. Cullen Wallace (*pro hac vice*)
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
713-890-5722
cullen.wallace@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP

Jody C. Barillare (#5107)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
302-574-7294
jody.barillare@morganlewis.com

*Attorneys for Defendants X Corp. f/k/a Twitter, Inc. and X Holdings Corp. f/k/a X Holdings I, Inc.*

1

## I.     INTRODUCTION

On August 28, 2023, Defendants filed a motion to compel arbitration (the "Motion") seeking an order from this Court compelling Plaintiff Christopher Woodfield to arbitrate his individual claims pursuant to the terms of the parties' binding Dispute Resolution Agreement ("DRA").   D.I. 11-14.   In opposing Defendants' Motion, Plaintiff submitted a lengthy declaration by his counsel (the "Cohen Declaration") replete with statements and referencing exhibits that are inadmissible under the Federal Rules of Evidence, Rules 401 and 402 (relevance), Rule 601 (speculation/lack of foundation), and Rules 801 and 802 (hearsay).

Plaintiff impermissibly relies on the inadmissible evidence in the Cohen Declaration in an apparent attempt to show that Defendants materially breached the DRA executed by and between Plaintiff and Twitter.   *See* D.I. 26.   *See*, *e.g.*, *Tauriello v. Twp. of Edison*, 288 F. App'x 825, 828 (3d Cir. 2008) (noting that "the termination option" is only available where there is a material breach of a contract between the parties).   As is obvious, however, whether Twitter breached a DRA with any other employee (answer: it did not) is simply not a question before this Court to decide, and thus any alleged breach of a DRA involving some other employee is not relevant to, and cannot support a finding regarding, whether Twitter breached its DRA with *Plaintiff Woodfield*.   Plaintiff's Opposition effectively concedes this point.   *See* D.I. 26 at 2 (noting that "[t]he facts relevant to this motion are those asserted in the

2

Complaint relating to Defendants' breaches of the DRA" – *i.e.*, *Plaintiff's* DRA) (emphasis added); *see id.* at 7 (noting the "two-step process" for a court analyzing a motion to compel arbitration, acknowledging the parties agreed to arbitrate the claims at issue (*i.e.*, step one), and asking the Court to consider the narrow issue of whether Defendants breached the parties' agreement here (*i.e.*, step two)). The Cohen Declaration focuses almost exclusively on arbitration proceedings and lawsuits that are unrelated to Plaintiff's individual demand for arbitration. Indeed, only five paragraphs in the 41-paragraph Cohen Declaration contain information specific to Plaintiff Woodfield. D.I. 27 at 9-10, ¶¶ 23-27. The minimal references to Plaintiff and his demand for arbitration in the Cohen Declaration reveals just how lacking the evidence is to support Plaintiff's argument that Defendants materially breached *his* DRA.

In addition, much of the irrelevant evidence in the Cohen Declaration consists of conclusory and speculative allegations lacking the requisite factual background and foundation. This evidence, along with any testimony and exhibits attached to the Cohen Declaration containing inadmissible hearsay, should be stricken and/or disregarded by the Court.

Plaintiff's arguments regarding the timing of the Motion to Strike lack any merit, given that the Motion to Strike was filed well before any evidentiary hearing on Defendants' Motion to Compel Arbitration or any "ruling to admit" the Cohen

Declaration.

For the reasons outlined in Defendants' Motion to Strike (D.I. 35-36) and as further explained in this Reply, the Court should strike paragraphs 2-3, 5-9, 14-22, 24-25, 27-36, and 38-41, and Exhibits 2-5, 7-10, 12-13, and 15-19, in the Cohen Declaration (D.I. 27).

## II.    ARGUMENT

### A.    Plaintiff's Inadmissible Evidence Regarding Purported "Delays" in Other Legal Proceedings, Other Clients of Plaintiff's Counsel, and Other Claimants/Plaintiffs Is Irrelevant and Immaterial to Defendants' Pending Motion to Compel Arbitration.

Plaintiff's Opposition argues that Defendants could have submitted affirmative evidence to refute Plaintiff's accusations regarding an alleged deliberate "campaign of intentional[] delay[]" in arbitration proceedings wholly unrelated to Plaintiff's.  D.I. 42 at 7.  This argument misses the mark and further demonstrates Plaintiff's attempt to distract the Court from the core issue at hand: whether *Plaintiff's* DRA should be enforced.  Defendants did not "take the bait" and neither should the Court.

Plaintiff also argues that Twitter's "pattern of unreasonably and strategically delaying litigation of claims brought against it is relevant to assessing Twitter's intent, in the conduct at issue, to unreasonably and strategically delay Woodfield's arbitration."  D.I. 42 at 3.  This argument not only consists of an entirely speculative conclusion about Twitter's supposed "intent" with respect to Woodfield's claims,

4

but also ignores the fact that the purported conduct Plaintiff characterizes as "delays" in the separate and unrelated arbitration proceedings *never occurred in Plaintiff's arbitration*, as evidenced by the record before this Court.[1]  *See, e.g.*, D.I. 12 at 7-8; D.I. 13, ¶¶ 5-8, Exs. 3-6.  The record is undisputed that when Plaintiff first sought to initiate his arbitration proceeding, he failed to provide a fully executed version of his DRA, as required by the parties' DRA and JAMS rules.  D.I. 13 at ¶ 5, Ex. 3. Due solely to his failure to submit a compliant demand for arbitration, no invoice ever became due, and JAMS notified the parties that it was unable to proceed "until a signed employment agreement containing an arbitration clause naming JAMS as the arbitration provider [wa]s provided to the file."[2]  D.I. 13, Ex. 6.

Plaintiff also argued that Defendants have not provided "any alternative explanation" for why they requested Plaintiff provide a fully executed copy of his DRA, other than to engage "intentional delay."  D.I. 42 at 10-11.  This argument is simply false.  Defendants clearly explained in their Motion to Compel and Reply

---

[1] Plaintiff also contends that supposed conduct from other unrelated proceedings should be relevant because is a "proposed class action".  D.I. 42 at 2.  But no class has been certified, no issue related to class certification is even before the Court, and, most importantly, Woodfield's DRA includes an enforceable class action waiver.  *See* D.I. 14-1, Ex. A (Plaintiff's DRA), p. 11, § 5.

[2] The Cohen Declaration devotes extensive space to arguing that Defendants have supposedly "delayed payment of invoiced fees." D.I. 27 at 2, ¶¶ 3-7.  However, no arbitration invoice ever became due in Plaintiff Woodfield's arbitration proceeding because he failed to submit a signed DRA, thus underscoring why the Cohen Declaration contains irrelevant, conclusory, and speculative statements and should be stricken.  *See* D.I. 31 at p. 5.

briefing the specific reasons why they requested the fully executed version of the DRA – *i.e.*, Defendants were following JAMS' Rules (which are the rules designated by the parties' DRA) and the established procedure for initiating an arbitration with JAMS (a process that was approved by JAMS' General Counsel). *See*, *e.g.*, D.I. 12; D.I. 31 at 2-5.

The Cohen Declaration contains a litany of inadmissible "testimony" concerning claimants, plaintiffs, arbitration proceedings, lawsuits, correspondence, and invoice payments that are completely unrelated and irrelevant to the DRA executed between Plaintiff and Twitter. The authorities cited by Plaintiff reinforce the lack of relevance of this information. For example, in *Schreiber v. Friedman*, the defendant ignored the summons *in plaintiff's arbitration* and refused to comply with a subsequent arbitration award. 2018 WL 3872158, *2 (D. Conn. Aug. 15, 2018). In those circumstances, the court found defendant had unjustifiably refused to participate in plaintiff's arbitration and found that defendant waived his right to enforce the arbitration agreement against plaintiff. *Id.* at *10-11. The court also acknowledged that parties may raise "justified" objections to arbitration, *id.* at *9 (citing *Canada Life Assur. Co. v. Guardian Life Ins. Co. of Am.*, 242 F. Supp. 2d 344, 353 (S.D.N.Y. 2003)), which is exactly what Defendants did here because Plaintiff never submitted an executed DRA to JAMS. Similarly, in *Stanley v. A Better Way Wholesale Autos., Inc.*, the court concluded that defendant's failure to

pay arbitration fees or otherwise respond to the arbitrator's correspondences *in plaintiff's arbitration*, after plaintiff met all pre-conditions to enforce plaintiff's right to arbitrate, resulted in a waiver of defendant's right to arbitrate plaintiff's claim. 2018 WL 3872158, *2, *7 (D. Conn. Aug. 15, 2018). *See also*, *Menorah Ins. Co. v. INX Reins. Corp.*, 72 F.3d 281 (1st Cir. 1995) (finding waiver only where defendant refused to engage *in plaintiff's arbitration*). None of the authorities cited by Plaintiff involved alleged conduct in separate and unrelated proceedings having any bearing on the issue of waiver in the named plaintiff's arbitration.

For these reasons, and the reasons provided in Defendants' moving papers, the Court should strike paragraphs 2-3, 5-9, 14-22, 24, 28-30, 32-36, and 38-40 and Exhibits 2-5, 7-10, 12-13, and 15-19 from the Cohen Declaration.

## B. The Cohen Declaration Proffers Speculative Statements Lacking the Requisite Foundation in Violation of FRE 602.

The Cohen Declaration violates Rule 602 through its conclusory and speculative statements regarding Twitter's supposed internal policies and processes, Twitter's supposed state of mind and motivation/intent, and JAMS' supposed state of mind and decision-making. For example, Defendants' objection to paragraph 31 of the Cohen Declaration was necessary (*see* D.I. 42 at 15, n. 3), considering the testimony mischaracterizes Twitter's employment policy regarding DRAs by asserting that Twitter "required employes to sign [DRAs] as a condition of beginning their employment at Twitter." D.I. 27 at 12, ¶ 31. Plaintiff's counsel's testimony

contradicts the express provision in the parties' DRA stating that the arbitration was *not* a condition of employment. *See*, *e.g.*, D.I. 14-1, Ex. A (Plaintiff's DRA) at p. 12, § 8. Plaintiff cannot rely on JAMS for his mischaracterization of Twitter's policy, especially since JAMS never stated that Twitter's DRA was required as a condition of employment. *See* D.I. 13-9. In fact, JAMS stated that it would "appl[y] the Minimum Standards *notwithstanding any contrary provision in the parties' arbitration agreement*[.]" *Id.* (emphasis added*).*

Plaintiff's Opposition also relies on faulty logic. For example, Plaintiff argues that because Defendants did not "deny" the many speculative and conclusory statements in the Cohen Declaration, these statements must be "correct." D.I. 42 at 13-15. However, Defendants need not disprove conclusory allegations that are not material to the issues before the Court, particularly where Defendants filed a Motion to Strike objecting to such allegations even being considered by the Court.

For these reasons, and the reasons provided in Defendants' moving papers, the Court should strike this evidence from the Cohen declaration, including paragraphs 2-3, 5-9,14-22, 24-25, 27-36, 38-41 and Exhibits 2-5, 7-10, 12-13, and 15-19.

### C.     The Cohen Declaration Introduces Inadmissible Hearsay in Violation of FRE 801 and 802.

Plaintiff's responses to Defendants' hearsay objections lack merit. The Opposition tries to characterize these statements as exceptions to the hearsay rule,

8

including as admissible opposing party admissions.  D.I. 42 at 15-17.  But the Cohen Declaration has proffered statements by *non-parties* (namely, unidentified clients of Plaintiff's counsel), which simply have no bearing on the Motion to Compel.  For example, Plaintiff asserts that Exhibit 7 is an email from a Twitter email address, and thus an opposing party admission subject to an exception under Rule 801(d)(2)(D).  But Exhibit 7 contains a redacted email from an unidentified client of Plaintiff's counsel, who is a *non-party* to this action and whose statement thus constitutes inadmissible hearsay.  Similarly, paragraphs 18, 19 and 21 reference emails submitted by unidentified clients Plaintiff's counsel, who are *non-parties*, and Exhibit 9 attaches one of those emails – all of which is inadmissible hearsay not subject to any exception.

For these reasons, and the reasons provided in Defendants' moving papers, the Court should strike paragraphs 18-19, 21, 29, 33, 36, 38, and 40-41 and Exhibits 7, 9, and 13 from the Cohen Declaration.

### D.     Defendants' Motion to Strike is Timely Under FRE 103.

Federal Rule of Evidence 103(a) governs issue preservation for purposes of an appeal.  It states that "[a] party may claim error in a *ruling to admit* or exclude evidence only if that error affects a substantial right of the party and . . . [the party] timely objects or moves to strike." Fed. R. Evid. 103(a) (emphasis added).  It exists to ensure that the nature of an alleged evidentiary error "was called to the attention

of the judge, so as to alert him of the proper course of action and enable opposing counsel to take proper corrective measures." Fed. R. Evid. 103 Advisory Committee Note.

In his Opposition, Plaintiff strains credulity to suggest that the Motion, filed well before this Court even scheduled an evidentiary hearing on Defendants' Motion to Compel Arbitration or made any "ruling to admit" the Cohen Declaration, is somehow untimely. None of the cases Plaintiff relies on support his proposition. In *United States v. Gibbs*, a criminal defendant raised, for the first time after the state rested its case-in-chief, a Confrontation Clause objection to the state's use of deposition testimony in lieu of a live witness—an objection that could not be cured by the time defendant raised it. 739 F.2d 838, 849-50 (3d Cir. 1984). Here, by contrast, no further evidence from Plaintiff could cure Defendants' objection that Plaintiff's evidence concerning purported breaches of DRAs executed between Twitter and *other* former employees of Twitter is plainly irrelevant to the Motion to Compel Arbitration.

## III.   CONCLUSION

The Court should grant Defendants' Motion to Strike in its entirety.

Dated: November 29, 2023              MORGAN, LEWIS & BOCKIUS LLP

                                        _/s/ Jody C. Barillare_____
                                      Jody C. Barillare (#5107)
                                      1201 N. Market Street, Suite 2201
                                      Wilmington, Delaware 19801
                                      302-574-7294
                                      jody.barillare@morganlewis.com

                                      *Attorneys for Defendants X Corp. f/k/a
                                      Twitter, Inc. and X Holdings Corp. f/k/a
                                      X Holdings I, Inc.*