IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRIS WOODFIELD, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF,<br><br>v.<br><br>TWITTER, INC., X CORP., X HOLDINGS I, INC., X HOLDING CORP., AND ELON MUSK,<br><br>DEFENDANTS. | C.A. No. 1:23-cv-00780-JLH |

**PLAINTIFFS' SUBMISSION OF SUBSEQUENT AUTHORITY AND UNOPPOSED MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL BRIEFING**

Pursuant to D. Del. L.R. 7.1.2(b), Plaintiff respectfully submit the attached decision in *Yunfeng Zhang v. Twitter, Inc., et al.*, JAMS Arbitration No. 1601002342 (November 30, 2023) (Ex. A hereto). In that decision, the arbitrator construed the same form Dispute Resolution Agreement ("DRA") at issue in this action and held that it required Respondents Twitter, Inc. (n/k/a X Corp.) and X Holdings I, Inc. (n/k/a X Holdings Corp.) to pay the arbitration forum fees in the Zhang matter. Judge Maas held that (1) Section 6 of the DRA provided that the arbitration fees would be apportioned between the parties in accordance with applicable law; (2) applicable law was silent as to the proper apportionment; (3) therefore, the parties' agreement that the dispute would be heard pursuant to the then-current JAMS Rules controls; and (4) the JAMS Rules require Twitter and X Holdings to pay the JAMS and arbitrator fees. Ex. A at 3-4. Thus, Judge Maas ordered that Twitter and X Holdings would be "required to pay all the JAMS fees and arbitrator fees (other than the initial case management fees)" in the Zhang arbitration.

The attached decision is relevant to Defendants' motion to compel arbitration, which is *sub judice*.

In addition, Plaintiff requests leave to submit supplemental briefing addressing the impact of Judge Maas's decision on the pending motion to compel arbitration. Defendants do not oppose Plaintiff's request for such leave. Should the Court grant Plaintiff's request and allow supplemental briefing, the Parties have met and conferred and agreed to simultaneously submit briefs of no more than 15 pages in length within 14 days after the Court grants such leave.

Dated: March 1, 2024

Respectfully submitted,

/s/ Joseph L. Christensen

| | |
|---|---|
| Akiva Cohen (*pro hac vice*) | Joseph L. Christensen (#5146) |
| Dylan M. Schmeyer (*pro hac vice*) | CHRISTENSEN & DOUGHERTY LLP |
| Michael D. Dunford (*pro hac vice*) | 1000 N. West Street, Suite 1200 |
| Lane A. Haygood (*pro hac vice*) | Wilmington, Delaware 19801 |
| KAMERMAN, UNCYK, SONIKER & KLEIN P.C. | Tel: (302) 212-4330 |
| 1700 Broadway, 16th Floor | joe@christensendougherty.com |
| New York, NY 10019 | |
| Tel: (212) 400-4930 | |
| acohen@kusklaw.com | |
| dschmeyer@kusklaw.com | *Attorneys for Plaintiff* |
| mdunford@kusklaw.com | |