**Christensen & Dougherty LLP**
1201 North Market Street, Suite 1404
Wilmington, DE 19801
(302) 212-4330

Joseph L. Christensen
joe@christensendougherty.com

March 7, 2024

**Via CM/ECF**

The Honorable Christopher J. Burke
Magistrate Judge
United States District Court
844 North King Street
Wilmington, DE 19801

      Re: *Woodfield v. Twitter, Inc. et al.*, C.A. No. 1:23-cv-00780-JLH-CJB

Dear Judge Burke:

      Following the Court's order of March 5, 2024, D. I. 56, the Parties met and conferred to discuss a briefing schedule. Plaintiff and Defendant each proposed differing schedules, but the Parties were unable to agree. The Parties therefore respectfully request that the Court issue a briefing schedule for this matter.

      The Parties' respective positions are as follows:

      Plaintiff believes that the briefing on this issue should either be treated as a new mini-motion on collateral estoppel or as an extension of Defendants' Motion to Compel Arbitration, D. I. 52. In the former case, Plaintiff would propose briefing of ten pages per side with Plaintiff (as movant) reserving up to 3 pages for reply. In the latter case, Plaintiff would again propose briefing of ten pages per side and no reply, but with Defendants filing the initial brief in accordance with their status as movant in the Motion to Compel. Plaintiff understands Defendants' position to be that no reply is warranted because this briefing is submitted in extension of the Motion to Compel, but that Plaintiff should nevertheless submit his brief first as though he were the movant. See Ex. A.

      Defendant believes that Plaintiff should file a brief of up to ten pages no later than fourteen days after the Court issues its order regarding this briefing. Defendant would then file a brief of up to ten pages responding to Plaintiff's position no later than 14 days after Plaintiff files his brief. No further briefing should be permitted. Defendant's rationale for this schedule: Plaintiff submitted the Supplemental Authority and requested leave for additional briefing to present his position as to how the Zhang arbitration ruling impacts the Court's resolution of Defendant's motion to compel arbitration in this matter; thus, Plaintiff's should file the initial brief to set forth his position. No reply should be permitted because (a) Plaintiff did not request (and Defendant did not consent to) leave to file a "mini-motion" seeking affirmative relief, but rather simply

The Honorable Christopher J. Burke
March 7, 2024
Page 2

briefing to set forth the Parties' respective positions regarding the Zhang ruling, and (b) pursuant to Civil Local Rule 7.1.2(b), the moving party on any motion has the right to file a reply and have the "last word" regarding the matters at issue. Here, because Defendant is the moving party with respect to its motion to compel arbitration, no legitimate basis exists for Plaintiff to file a reply brief and have the "last word" regarding the resolution of Defendant's motion.

      The Parties appreciate the Court's attention to this matter.

                                Sincerely,

                                */s/ Joseph L. Christensen*

                                Joseph L. Christensen (#5146)

cc: All counsel of record (via CM/ECF)