IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHRIS WOODFIELD, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,

      PLAINTIFF,

v.

TWITTER, INC., X CORP., X HOLDINGS I, INC., X HOLDING CORP., AND ELON MUSK,

      DEFENDANTS.

C.A. No. 1:23-cv-00780-CFC

**PLAINTIFFS' MEMORANDUM OF LAW REGARDING THE IMPACT OF THE DECISION IN ZHANG V. TWITTER**

Of Counsel
Akiva Cohen (*pro hac vice*)
Dylan M. Schmeyer (*pro hac vice*)
Michael D. Dunford (*pro hac vice*)
Lane A. Haygood (*pro hac vice*)
KAMERMAN, UNCYK, SONIKER & KLEIN P.C.
1700 Broadway, 16th Floor
New York, NY 10019
Tel: (212) 400-4930
acohen@kusklaw.com
dschmeyer@kusklaw.com
mdunford@kusklaw.com
lhaygood@kusklaw.com

Joseph L. Christensen (#5146)
CHRISTENSEN & DOUGHERTY LLP
1201 North Market Street, Suite 1404
Wilmington, Delaware 19801
Tel: (302) 212-4330
joe@christensendougherty.com

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

I.    Summary of the Argument ................................................................................................ 1

II.   Facts Relating To The Zhang Ruling................................................................................. 1

III.  Argument .......................................................................................................................... 2

    THE *ZHANG* RULING REQUIRES DENIAL OF THE MOTION TO COMPEL ................... 2

        A.      The Court Must Give the *Zhang* Ruling Preclusive Effect......................................... 2

        B.      The *Zhang* Ruling Satisfies New York's Requisites for Preclusive Effect ................. 5

        C.      Defendants' Avowed Refusal to Arbitrate with Mr. Woodfield Under the Minimum Standards Anticipatorily Breached the DRA ............................................................ 7

IV.  Conclusion ....................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allen v. McCurry*,
  449 U.S. 90 (1980) ................................................................................................................. 3

*Am. Int'l Specialty Lines Ins. Co. v. Allied Cap. Corp.*,
  35 N.Y.3d 64 (2020) ............................................................................................................... 4

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) ............................................................................................................... 6

*Billings v. Town of Steilacoom*,
  2 Wash. App. 2d 1 (2017) ...................................................................................................... 3

*Buechel v. Bain*,
  97 N.Y.2d 295 (2001) ............................................................................................................. 5

*CKP, Inc. v. GRS Const. Co.*,
  821 P.2d 63 (Wash. Ct. App. 1991) ....................................................................................... 8

*County of Rockland v. Aetna Casualty & Surety Company*,
  129 A.D. 2d 606 (2d Dept 1987) ............................................................................................ 4

*D'Arata v. New York Cent. Mut. Fire Ins. Co.*,
  76 N.Y.2d 659 (1990) ............................................................................................................. 5

*Evans v. Ottimo*,
  469 F.3d 278 (2d Cir. 2006) ................................................................................................... 6

*Halyalkar v. Board. of Regents*,
  72 N.Y.2d 261 (1988) ............................................................................................................. 6

*Hoeg v. Samsung Elecs. of Am., Inc.*,
  2024 WL 714566 (N.D. Ill. Feb. 20, 2024) ............................................................................ 8

*Hydra-Pro Dutch Harbor, Inc. v. Scanmar, AS*, 2010
  WL 3730183 (W.D. Wash. Sept. 20, 2010) ........................................................................... 3

*In re Drexel Burnham Lambert Group, Inc.*,
  161 B.R. 902 (S.D.N.Y. 1993) ............................................................................................... 4

*Jacobson v. Fireman's Fund Ins. Co.*,
  111 F.3d 261 (2d Cir. 1997) ................................................................................................... 3

*Kremer v. Chem. Constr. Corp.*,
  456 U.S. 461 (1982) ............................................................................................................... 3

*Larsen v. Farmers Ins. Co.*,
  80 Wash. App. 259 (1996) ..................................................................................................... 3

*Lynne Carol Fashions, Inc. v. Cranston Print Works Co.*,
  453 F.2d 1177 (3d Cir. 1972) ................................................................................................. 3

*Matter of Applied Restoration, Inc.*,
 539 P.3d 837 (Wash. Ct. App. 2023) ............................................................................... 7

*Mercantile & Gen. Reinsurance Co., PLC v. Colonial Assur. Co.*,
 147 Misc. 2d 804 (Sup. Ct., N.Y. County 1989) ............................................................. 5

*Olsen Media v. Energy Scis., Inc.*,
 32 Wn. App. 579 (1982) .................................................................................................. 7

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
 531 U.S. 497 (2001) ......................................................................................................... 3

*Trade & Transp., Inc. v. Nat. Petroleum Charterers Inc.*,
 931 F.2d 191 (2d Cir. 1991) ........................................................................................... 4

**Statutes**

28 U.S.C. § 1738 .................................................................................................................. 3

RCW 7.04A.030(4) .............................................................................................................. 7

RCW 7.04A.210(4) .............................................................................................................. 7

RCW Chapter 7.04A ............................................................................................................ 7

**Other Authorities**

JAMS Employment Arbitration Rules & Procedures, Rule 24(e) ...................................... 4

## I.  SUMMARY OF THE ARGUMENT

Defendants argue that only an arbitrator can determine whether the arbitration agreement they drafted (the "DRA") required them to pay fees in accordance with the JAMS Rule 31(c) and the JAMS Minimum Standards. D.I. 12. But a New York arbitrator *already* ruled on that, and Defendants are thus collaterally estopped from denying that their refusal to arbitrate under the JAMS Rules breaches the DRA, rendering it unenforceable. Defendants had a full and fair opportunity to litigate the meaning of the DRA in *Zhang v. Twitter*, and Arbitrator Maas correctly ruled that the DRA *does* require Defendants to abide by the JAMS Rules and Minimum Standards. New York courts would give that ruling preclusive effect in a subsequent suit by a different plaintiff, which Defendants *consented* to by agreeing to arbitrate with Mr. Zhang in New York. This Court must therefore do the same. Because Defendants are estopped from denying they breached the DRA, the Court cannot compel arbitration.

## II.  FACTS RELATING TO THE ZHANG RULING

Zhang Yunfeng is one of thousands of former Twitter employees who sought to arbitrate his claims before JAMS in accordance with the DRA he signed as a condition of his employment with Twitter. Supplemental Declaration of Akiva Cohen ("Sup. Cohen Dec."), ¶ 2. When Twitter refused to pay the mandatory arbitration fees required by the JAMS Employment Rules, thus preventing Zhang and hundreds of his former colleagues from having any aspect of their dispute – **including the apportionment of fees** – heard in the forum Twitter chose to require, Zhang cut the Gordian knot, staking the fees necessary to have Arbitrator Maas consider Twitter's position that the DRA did not require it to abide by the fee-allocation rules of its chosen forum. *Id.*, ¶ 3. After fulsome briefing and oral argument (the "*Zhang* Motion"), Judge Maas unequivocally rejected Twitter's position, issuing a Partial Final Award holding that the terms of Twitter's DRA

1

required Twitter and X Holdings to pay the forum fees required by Rule 31(c) and the Minimum Standards. D.I. 54-1.

### III. ARGUMENT

### THE *ZHANG* RULING REQUIRES DENIAL OF THE MOTION TO COMPEL, BECAUSE DEFENDANTS ARE COLLATERALLY ESTOPPED FROM CONTESTING THAT THEY BREACHED THE ARBITRATION AGREEMENT THEY ARE SEEKING TO ENFORCE

When Mr. Woodfield briefed his opposition to Defendants' motion, the *Zhang* Motion was pending and had not yet been decided. Thus, Defendants' primarily argued that the DRA's delegation of fee allocation disputes entitled them to have an arbitrator decide whether the DRA required them to abide by Rule 31(c) and the Minimum Standards, D.I. 12 at 10, 16, D.I. 31 at 10, while Mr. Woodfield argued that Defendants' *other* breaches of the DRA allowed him to bring his claims in this Court despite that delegation. D.I. 26 at 9-10. The *Zhang* ruling changes all that. Defendants have *already* had their argument heard by an arbitrator – which is all they claimed to be entitled to – and they lost. More importantly, as discussed below, because that dispute was heard by a *New York* arbitrator in an arbitration governed by *New York* law, which provides that such rulings will have offensive non-mutual collateral estoppel effect, this Court must, as a matter of full faith and credit, give Judge Maas's ruling that effect in this action. Defendants are thus collaterally estopped from denying that their refusal to arbitrate under the JAMS's fee allocation rules breached the DRA (or, with respect to unfiled claims or Mr. Woodfield's claims that were filed but which Defendants refused to arbitrate, an anticipatorily breached the DRA) and, as such, Defendants cannot compel arbitration.

A. The Court Must Give the *Zhang* Ruling Preclusive Effect

The Full Faith and Credit Clause of the United States Constitution and the federal statutes implementing that clause "have made that which has been adjudicated in one state res judicata to

2

the same extent in every other." *See Lynne Carol Fashions, Inc. v. Cranston Print Works Co.*, 453 F.2d 1177, 1184 (3d Cir. 1972), *citing Magnolia Petroleum Co. v. Hunt*, 320 U.S. 430, 438 (1943); *see also* 28 U.S.C. § 1738. A New York arbitration award thus carries the same preclusive effects in other states as it would in New York. *Lynne Carol Fashions, Inc.*, 453 F.2d at 1184. Federal courts assessing issues of state law[1] must apply the same principles of issue preclusion as the corresponding state trial court. *Id.*, *citing Angel v. Bullington*, 330 U.S. 183 (1947). *See also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) (where "state, rather than federal, substantive law" is at issue, courts apply state preclusion rules). Thus, this Court must give "the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982); *Allen v. McCurry*, 449 U.S. 90, 96 (1980).[2]

And New York[3] affords arbitration awards preclusive effect – even where those awards have not been confirmed. *Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 267–68 (2d Cir. 1997) ("We therefore hold, in keeping with the courts of the First and Second Departments, that res judicata and collateral estoppel apply to issues resolved by arbitration where there has been a final determination on the merits, notwithstanding a lack of confirmation of the award.") (internal

---

[1] In deciding whether Twitter breached the DRA, "state, rather than federal, substantive law," 531 U.S. at 508, is at issue.

[2] Defendants effectively agreed that Judge Maas's decision would be given preclusive effect when they successfully argued in their briefing before Judge Maas that he was required to apply New York law – which would render the decision preclusive – when interpreting the DRA. D.I. 27-18 at 11-14, D.I. 54-1 at 3.

[3] Were it relevant, a Washington court construing Mr. Woodfield's DRA would also give the *Zhang* ruling preclusive effect as a matter of Washington law. *See Larsen v. Farmers Ins. Co.*, 80 Wash. App. 259, 263 (1996). *See also Hydra-Pro Dutch Harbor, Inc. v. Scanmar, AS*, No. C08-1695RAJ, 2010 WL 3730183, at *3 (W.D. Wash. Sept. 20, 2010); *Billings v. Town of Steilacoom*, 2 Wash. App. 2d 1, 16 (2017).

quotations omitted). *See also In re Drexel Burnham Lambert Group, Inc.*, 161 B.R. 902 (S.D.N.Y. 1993) *citing Norris v. Grosvenor Marketing, Ltd.*, 803 F.2d 1281; 1285 n.4 (2d Cir. 1986); *County of Rockland v. Aetna Casualty & Surety Company*, 129 A.D. 2d 606, 607 (2d Dept 1987) ("that the prior determination was an unconfirmed arbitration award and not a judicial determination does not lessen its collateral estoppel effect").

The same holds true for Judge Maas's Partial Final Award, because the parties consented to the arbitrator having authority to issue Partial Final Awards and did not object when Judge Maas indicated he would do so. *See Trade & Transp., Inc. v. Nat. Petroleum Charterers Inc.*, 931 F.2d 191, 195 (2d Cir. 1991) ("if the parties agree that the panel is to make a final decision as to part of the dispute, the arbitrators have the authority and responsibility to do so"); D.I. 14-1 at 8, § 5 (arbitration to be conducted under JAMS rules); JAMS Employment Arbitration Rules & Procedures, Rule 24(e) (expressly authorizing the arbitrator to issue Partial Final Awards as interim measures); Sup. Cohen Dec, ¶ 3 (Judge Maas indicated he would issue a Partial Final Award and Defendants did not object). While New York's highest court held that an **unauthorized** Partial Final Award is not *functus officio*, and therefore did not address whether an **authorized** Partial Final Award would be *functus officio* under New York law, *Am. Int'l Specialty Lines Ins. Co. v. Allied Cap. Corp.*, 35 N.Y.3d 64, 73 (2020), New York's lower appellate court squarely so held in the decision reversed by the Court of Appeals. *Am. Int'l Specialty Lines Ins. Co. v. Allied Cap. Corp.*, 167 A.D.3d 142, 148 (1st Dep't 2018) (holding that Partial Final Award had been authorized by the parties and was therefore sufficiently final), *rev'd on other grounds*, 35 N.Y.3d 64 (holding that the parties had not authorized it). Other New York decisions have also treated an authorized

4

Partial Final Award as "final" under New York law.[4] Unless and until the Court of Appeals says otherwise, New York law and Federal law do not conflict in holding a Partial Final Award authorized by the parties' arbitration agreement is sufficiently final to support collateral estoppel. *Cf. Mercantile & Gen. Reinsurance Co., PLC v. Colonial Assur. Co.*, 147 Misc. 2d 804, 806 (Sup. Ct., N.Y. County 1989) (under New York law, no absolute rule requires that collateral estoppel be based on a ruling embodied in a final judgment). Thus, this Court must give preclusive effect to the *Zhang* ruling so long as the ruling satisfies the elements of collateral estoppel in New York law. It does.

### B. The *Zhang* Ruling Satisfies New York's Requisites for Preclusive Effect

There are only two elements to collateral estoppel in New York law, and the *Zhang* Award satisfies both. First, "the party seeking [] collateral estoppel must prove that the identical issue was necessarily decided in the prior action and is decisive in the present action." *D'Arata v. New York Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 664 (1990). And second, the party to be precluded must have had "a full and fair opportunity" to litigate the issue in the prior action, and that party has the burden of proving any claim that it lacked such an opportunity. *Id. See also Buechel v. Bain*, 97 N.Y.2d 295, 306 (2001) (identifying the same two factors and burdens). An issue is "necessarily

---

[4] *See Franco v. Dweck*, 165 A.D.3d 551, 553 (1st Dep't 2018) (arbitrator did not violate *functus officio* because final award did not conflict with Partial Final Award); *Burke v. Sobral,* 127 A.D.3d 416, 417 (1st Dep't 2015) (affirming confirmation of Partial Final Award and final award); *Allstate Ins. Co. v. Brown*, 65 Misc. 3d 130(A), 118 N.Y.S.3d 914 (App. Term. 2019) (citing First Department decision in *Allied Capital* – prior to its reversal – in finding partial final award was proper where parties agreed to bifurcate); *Gemstar-TV Guide Int'l, Inc. v. Yuen*, 17 Misc. 3d 1135(A), 851 N.Y.S.2d 69 (Sup. Ct. 2007) (granting petition to confirm Partial Final Award and subsequently issued final award), *aff'd in part, appeal dismissed in part*, 61 A.D.3d 478 (2009) (noting that "[t]he arbitration award**s were** properly confirmed") (emphasis added), *lv denied* 13 N.Y.3d 701 (2009).

decided" if it was placed in issue and its resolution was necessary to the result. *Evans v. Ottimo*, 469 F.3d 278, 282 (2d Cir. 2006).

There is no question that the identical issue – whether the DRA requires Defendants to abide by the JAMS Minimum Standards – was litigated and necessarily decided in the *Zhang* arbitration. The relevant wording of all the Dispute Resolution Agreements at issue is identical to the provision construed by Judge Maas, and all of the arbitrations are proceeding (or would be proceeding) under arbitral rules that require Defendants to pay the forum fees. Sup. Cohen Dec, ¶ 12. Nor could Defendants ever carry their burden of demonstrating they had less than a full and fair opportunity to litigate the issue. *See* Sup. Cohen Dec., ¶ 4. Defendants were not foreclosed from submitting any argument or evidence and raised no objection to the motion procedure (beyond their objection that Judge Maas's ruling would be merely "advisory"). Sup. Cohen Dec., ¶ 5. And, as noted above, the Award is sufficiently final; although Zhang's substantive claims in arbitration have yet to be heard, his request for a declaratory judgment construing the DRA's fee provisions has been fully resolved. Award at n.3 ("[B]ecause nothing remains to be decided by me with respect to the issue of responsibility for the payment of JAMS and arbitrator fees, I have captioned this award a 'Partial Final Award.'").

Finally, the overriding concerns for fairness that drive New York's doctrine, *see Halyalkar v. Board. of Regents*, 72 N.Y.2d 261, 268 (1988), apply with particular force here. Though the speed and efficiency of arbitration is one of its primary benefits, *cf. AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 348 (2011), Defendants have already achieved a nearly year-long stay of the arbitrations filed against them by simply refusing to pay the arbitral fees required by the DRA. And after fully litigating the purported basis for that refusal to a conclusion, and losing, Defendants continue to argue that they should be allowed to achieve further delay – and impose

6

further expense on their terminated employees – by relitigating this issue *thousands* of times over, in individual arbitration after individual arbitration. That is precisely what collateral estoppel (and particularly offensive non-mutual collateral estoppel) exists to prevent. As a matter of New York law, Judge Maas's ruling must be given preclusive effect, and Defendants estopped from denying that they are contractually obligated to pay arbitral fees in accordance with the Minimum Standards unless a particular state's law specifically mandates a different allocation of the fees between the parties. And, to whatever extent the Court believes it has discretion on this issue, the same fairness and efficiency concerns would mandate that the Court exercise any such discretion to estop Defendants from contesting their breach of the DRA.

    **C.    Defendants' Avowed Refusal to Arbitrate with Mr. Woodfield Under the Minimum Standards Anticipatorily Breached the DRA**

As with the New York law reviewed by Judge Maas, Washington law is silent regarding the appropriate allocation of arbitration fees between claimants and respondents.[5] Thus, giving preclusive effect to Judge Maas's ruling that in such situations the DRA requires Defendants to abide by the Minimum Standards, Defendants anticipatorily breached the DRA and cannot enforce it.

Under Washington law, "[a]n anticipatory breach is a positive statement or action by the promisor indicating distinctly and unequivocally that [they] either will not or cannot substantially perform any of [their] contractual obligations. *Olsen Media v. Energy Scis., Inc.*, 32 Wn. App. 579, 585, 648 P.2d 493 (1982) (*quoting Lovric v. Dunatov*, 18 Wn. App. 274, 282, 567 P.2d 678 (1977))." *Matter of Applied Restoration, Inc.*, 539 P.3d 837, 846 (Wash. Ct. App. 2023)

---

[5] No provision of Washington law addresses the allocation of fees in an employer-employee arbitration. Washington's Uniform Arbitration Act, codified at RCW Chapter 7.04A, provides only that an arbitrator's fees and expenses must be paid as provided in the final award. RCW 7.04A.210(4). And that section is inapplicable in any event. RCW 7.04A.030(4).

7

(construction company anticipatorily breached contract with subcontractor). *See also CKP, Inc. v. GRS Const. Co.*, 821 P.2d 63, 74 (Wash. Ct. App. 1991) (threats to withhold payment were repudiation and anticipatory breach entitling CKP to refuse to perform under the contract). Here, Defendants affirmatively represented to JAMS that it would not be paying fees required by the Minimum Standards in any arbitration being conducted in a state without an independent state law mandating that Defendants pay such fees. D.I. 13-10. Defendants have maintained that refusal despite Judge Maas's ruling in *Zhang*. And in their pleadings on this motion, Defendants confirmed that they have no intention of *actually* arbitrating with JAMS even if the Court grants the motion. *See* D.I. 12 at 19, n. 8. "This clever scheme to game the rules of arbitration has already been disavowed by federal courts." *Hoeg v. Samsung Elecs. of Am., Inc.*, No. 23 C 1951, 2024 WL 714566, at *6 (N.D. Ill. Feb. 20, 2024).

Because the *Zhang* ruling estops Defendants from denying that refusing to pay the arbitral fees was a breach of the DRA, there is no longer any "dispute over fees" for delegation to an arbitrator, and Defendants' breach of the DRA is clear. As such, Defendants cannot enforce the DRAs, and the motion to compel arbitration must be denied.

### IV. CONCLUSION

On November 30, 2023, Defendants received the arbitral decision they insisted was needed to resolve whether their refusal to pay fees under the Minimum Standards breached the DRA. Because Judge Maas found that the DRA required payment of such fees, and because that ruling estops Defendants from making any contrary argument in this action, the *Zhang* ruling is outcome determinative here: Defendants cannot compel arbitration under a DRA they breached, and the motion to compel must be denied.

8

|  | Respectfully submitted, |
|---|---|
| Dated: March 22, 2024 | */s/ Joseph L. Christensen* |
|  | Joseph L. Christensen (#5146) |
| Of Counsel | CHRISTENSEN & DOUGHERTY LLP |
| Akiva Cohen (*pro hac vice*) | 1201 North Market Street, Suite 1404 |
| Dylan M. Schmeyer (*pro hac vice*) | Wilmington, Delaware 19801 |
| Michael D. Dunford (*pro hac vice*) | Tel: (302) 212-4330 |
| Lane A. Haygood (*pro hac vice*) | joe@christensendougherty.com |
| KAMERMAN, UNCYK, SONIKER & KLEIN P.C. | |
| 1700 Broadway, 16th Floor | |
| New York, NY 10019 | |
| Tel: (212) 400-4930 | *Attorneys for Plaintiff* |
| acohen@kusklaw.com | |
| dschmeyer@kusklaw.com | |
| mdunford@kusklaw.com | |
| lhaygood@kusklaw.com | |