# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRIS WOODFIELD, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>    *Plaintiff*,<br><br>    v.<br><br>TWITTER, INC., X CORP., X HOLDINGS I, INC., X HOLDING CORP., and ELON MUSK,<br><br>    *Defendants*. | C.A. No. 1:23-cv-780-JLH |

## RESPONSE OF DEFENDANT X CORP. f/k/a TWITTER, INC. AND X HOLDINGS CORP. f/k/a X HOLDINGS I, INC. TO PLAINTIFFS' MEMORANDUM OF LAW REGARDING THE IMPACT OF THE DECISION IN ZHANG V. TWITTER

Dated: April 5, 2024

Eric Meckley (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
415-442-1000
eric.meckley@morganlewis.com

T. Cullen Wallace (*pro hac vice*)
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
713-890-5722
cullen.wallace@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP

Jody C. Barillare (#5107)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
302-574-7294
jody.barillare@morganlewis.com

*Attorneys for Defendants X Corp. f/k/a Twitter, Inc. and X Holdings Corp. f/k/a X Holdings I, Inc.*

DB2/ 47858071.1

-1-

## **TABLE OF CONTENTS**

I.   INTRODUCTION ………………………………………………………… 1

II.  BACKGROUND ………………………………………………………….. 2

III. ARGUMENT ……………………………………………………………… 2

    A.   Woodfield's argument is for the arbitrator to resolve ………………. 2

    B.   The *Zhang* awared lacks preclusive effect because it is
        Unconfirmed …………………………………………………………… 3

    C.   Collateral estoppel does not apply because the issues were
        Not identical and there was no final judgment on the merits ………. 4

    D.   The FAA precludes binding Twitter to the *Zhang* award here …….. 9

IV.  CONCLUSION …………………………………………………………… 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.J. Taft Coal Co. v. Connors*,
   829 F.2d 1577 (11th Cir. 1987) ...........................................................................6

*Am. Exp. Co. v. Italian Colors Rest.*,
   570 U.S. 228 (2013) ............................................................................................10

*Am. Int'l Specialty Lines Ins. Co. v Allied Capital Corp.*,
   149 N.E.3d 33 (N.Y. 2020) ..............................................................................7, 8

*Anello Fence, LLC v. VCA Sons, Inc.*,
   No. 13-3074, 2019 WL 351899 (D.N.J. Jan. 28, 2019) .......................................4

*Dean Witter Reynolds, Inc. v. Byrd*,
   470 U.S. 213 (1985) .............................................................................................4

*In re Diet Drugs*,
   282 F.3d 220 (3d Cir. 2002) ................................................................................6

*Emps. Ins. Co. of Wausau v. OneBeacon Am. Ins. Co.*,
   744 F.3d 25 (1st Cir. 2014) ..................................................................................3

*Gruntal & Co. v. Steinberg*,
   854 F. Supp. 324 (D.N.J. 1994), *aff'd*, 46 F.3d 1116 (3d Cir. 1994) ...................4

*HDI Glob. SE v. Phillips 66 Co.*,
   No. 22-807, 2022 WL 3700153 (S.D.N.Y. Aug. 26, 2022) ..............................7, 8

*Howmedica Osteonics Corp. v. Schilling*,
   No. 20-9621, 2022 WL 17887226 (D.N.J. Dec. 23, 2022) ..................................5

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*,
   458 F.3d 244 (3d Cir. 2006) .............................................................................4, 9

*Pacnav S.A. v. Effie Bus. Corp.*,
   909 N.Y.S.2d 880 (N.Y. Sup. Ct. 2010) ..............................................................7

*Papalia v. Arch Ins. Co.*,
   No. 15-2856, 2017 WL 3288113 (D.N.J. Aug. 1, 2017) .................................5, 6

*Parklane Hosiery Co. v. Shore*,
    439 U.S. 322 (1979)..................................................................................................10

*Persaud v. City of New York*,
    No. 22-2919, 2023 WL 2664078 (S.D.N.Y. Mar. 28, 2023) ...............................5

*Rosa v. Triborough Bridge & Tunnel Auth.*,
    218 A.D.3d 810 ( N.Y. 2d Dep't 2023)................................................................5

*Simeon v. Domino's Pizza LLC*,
    No. 17-cv-5550, 2019 WL 7882143 (E.D.N.Y. Feb. 6, 2019)...........................10

*Trade & Transp., Inc. v. Natural Petroleum Charterers Inc.*,
    931 F.2d 191 (2d Cir. 1991) ................................................................................8

*United Indus. Workers v. Gov't of Virgin Islands*,
    987 F.2d 162 (3d Cir. 1993) ................................................................................3

*Viking River Cruises, Inc. v. Moriana*,
    596 U.S. 639 (2022)...........................................................................................10

*Weber v. X Corp.*,
    No. 23-cv-233, 2024 WL 470255 (E.D. Wash. Jan. 8, 2024) .............................2

*Estate of Weisberg*,
    No. 2012-3470, 2014 NYLJ LEXIS 7431 (N.Y. Surr. Ct. Apr. 21,
    2014) ...................................................................................................................6

**Statutes**

FAA.................................................................................................................4, 7, 9, 10

Federal Arbitration Act .................................................................................................1

**Other Authorities**

Restatement (Second) of Judgments § 84(4) (1982) ..................................................10

I.      INTRODUCTION

Defendants X Corp. and X Holdings Corp. (collective, "Twitter") have shown that Woodfield's claim for alleged breach of the Dispute Resolution Agreement ("DRA") is exclusively for an arbitrator to decide. D.I. 12, at 14-16. Woodfield now contends that a ruling by a different arbitrator, in a different arbitration, with a different claimant, collaterally estops Twitter from disputing Woodfield's breach and waiver claims. This argument fails for numerous reasons. First, the *Zhang* arbitrator's ruling about fees in the *Zhang* arbitration has no relevance to Woodfield, because the DRA gives *Woodfield's* arbitrator exclusive authority over Woodfield's fees and also over the collateral estoppel argument Woodfield raises.

But if it were for this Court to decide whether collateral estoppel applies, the answer is no. This question is governed by federal law—not New York law, as Woodfield claims—and under federal law, the unconfirmed *Zhang* award has no preclusive effect. And even if New York law applied, collateral estoppel would still be inapplicable because the issues are not identical, because there was no final judgment on the merits in the *Zhang* arbitration, and because the arbitrator's ruling was not necessary to any final judgment on the merits. In addition, applying offensive non-mutual collateral estoppel would offend principles of fairness, as well as the Federal Arbitration Act ("FAA"), by transforming the individual *Zhang* arbitration into a decision with massive and undue broader significance.

1

## II. BACKGROUND

While pursuing various claims in his pending JAMS arbitration, Zhang Yunfeng "moved for an interim award declaring that the DRA requires the Respondents to pay all JAMS' costs other than the initial filing fee." D.I. 54-1, at 2; D.I. 60-1, at 25-34.  Twitter opposed.

The *Zhang* arbitrator nonetheless ruled, applying New York law because New York was Zhang's place of employment, that Twitter "will be required to pay all the JAMS fees and arbitrator fees (other than the initial case management fee) incurred in connection with" the *Zhang* arbitration. *Id.* at 5, 6.[1]  Sua sponte and without any legal analysis as to what constitutes a "partial final award," the arbitrator "captioned [the] award a 'Partial Final Award.'" *Id.* at 5.  Zhang has not sought confirmation of the award.

## III. ARGUMENT

### A. Woodfield's argument is for the arbitrator to resolve.

Woodfield contends that the *Zhang* arbitration award collaterally estops Twitter from contesting whether the DRA requires it to pay all his arbitration fees and whether Twitter has breached the DRA. D.I. 59, at 1.  As Twitter has explained, D.I. 12, at 14-16, and as the Zhang case itself illustrates, the DRA assigns to Woodfield's arbitrator any argument that Twitter breached the DRA.  *See Weber v.*

---

[1] Twitter respectfully disagrees with the Zhang arbitrator's decision, which disregarded the plain language of the DRA.

*X Corp.*, No. 23-cv-233, 2024 WL 470255, at *4 (E.D. Wash. Jan. 8, 2024) ("The [DRA's] language delegates Plaintiff's claim that X Corp. breached the DRA to the arbitrator to decide in the first instance."). The same holds for Woodfield's latest attempt to rewrite the DRA. The law is clear that the preclusive effect, if any, of a prior arbitration award for a later arbitration is for the arbitrator, not a court, to decide. *See, e.g.*, *United Indus. Workers v. Gov't of Virgin Islands*, 987 F.2d 162, 169 (3d Cir. 1993) ("Absent a collective bargaining agreement provision that requires arbitrators to be bound by earlier arbitration awards, the parties delegate to the arbitrator the power to decide the preclusive effect of prior arbitration awards."); *Emps. Ins. Co. of Wausau v. OneBeacon Am. Ins. Co.*, 744 F.3d 25, 27-28 (1st Cir. 2014) ("[T]here is broad agreement among the circuit courts that the 'effect of an arbitration award on future awards . . . is properly resolved through arbitration.'" (citation omitted) (collecting cases)). That is true even when the first award has been judicially confirmed (which it has not been here). *See Emps. Ins. Co.*, 744 F.3d at 27-28. And, as discussed next, the lack of judicial confirmation of the *Zhang* award only further undermines Woodfield's collateral-estoppel argument.

**B.    The *Zhang* award lacks preclusive effect because it is unconfirmed.**

Woodfield claims this court owes "full faith and credit" to the Zhang award. D.I. 59, at 2. Woodfield is wrong. "The full-faith-and-credit statute requires that federal courts give the same preclusive effect to a State's judicial proceedings as

would the courts of the State rendering the judgment," but "since arbitration is not a judicial proceeding," the Supreme Court has "held that the statute does not apply to arbitration awards." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 222 (1985).

"[W]hen a state arbitration decision has not been confirmed, federal courts have applied federal preclusion law and award the decisions no preclusive effect." *Anello Fence, LLC v. VCA Sons, Inc.*, No. 13-3074, 2019 WL 351899, at *8 n.9 (D.N.J. Jan. 28, 2019); *see also Gruntal & Co. v. Steinberg*, 854 F. Supp. 324, 337 (D.N.J. 1994) ("Absent judicial confirmation, an arbitration award will not result in a 'final judgment' and cannot, therefore, have preclusive effect on subsequent litigation."), *aff'd*, 46 F.3d 1116 (3d Cir. 1994).  This Court is exercising federal-question subject matter jurisdiction, *see* D.I. 1-1; sits in Delaware; is contemplating claims by a resident of Washington, not New York; and must decide whether to compel arbitration under the FAA.  There is no basis to apply New York preclusion law as Woodfield advocates, rather than federal preclusion law.  And under federal law, the unconfirmed award has no preclusive effect.

### C. Collateral estoppel does not apply because the issues were not identical and there was no final judgment on the merits.

Even if the Court overlooked these problems, Woodfield does not meet the requirements for collateral estoppel.  Under both federal and state law, collateral estoppel requires (among other things) an identical issue and a valid and final judgment.  *See, e.g., Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d

244, 249 (3d Cir. 2006); *Rosa v. Triborough Bridge & Tunnel Auth.*, 218 A.D.3d 810, 812 (N.Y. 2d Dep't 2023) (quotation marks omitted). The party asserting collateral estoppel bears the "burden of demonstrating that the [prior] determination … was necessary to support a valid and final judgment on the merits." *Rosa*, 218 A.D.3d at 813 (quotation marks omitted); *see also Howmedica Osteonics Corp. v. Schilling*, No. 20-9621, 2022 WL 17887226, at *3 (D.N.J. Dec. 23, 2022). Woodfield cannot satisfy his burden.[2]

First, Woodfield cannot demonstrate that the issues in the two disputes are identical. In *Zhang*, the arbitrator rejected the claimant's argument that Twitter's fee obligations under the DRA, for all employees, are governed by California law. D.I. 54-1, at 3. The arbitrator instead ruled that the DRA's choice-of-law clause selects federal law and the law of the state where the employee worked. *Id.* In *Zhang*'s case, that state was New York. *Id.* Here, it is Washington. D.I. 1, ¶ 33. Because the applicable law was different in the two cases, collateral estoppel cannot apply. *Papalia v. Arch Ins. Co.*, No. 15-2856, 2017 WL 3288113, at *16 (D.N.J. Aug. 1, 2017) ("Since the issues presented in [the prior action] and this action are

---

[2] The elements of collateral estoppel that Plaintiff identifies are the same in substance, notwithstanding the different wording. *See* D.I. 59, at 9 (stating that the elements include that "the identical issue was necessarily decided in the prior action and is decisive in the present action" (quotation marks omitted)). Under New York law, "[a]n issue that is 'necessarily decided' must have been … *'necessary to support a valid and final judgment on the merits.'" Persaud v. City of New York*, No. 22-2919, 2023 WL 2664078, at *3 (S.D.N.Y. Mar. 28, 2023) (emphasis added).

not identical, specifically different states' law apply, the Court declines to give the prior issue preclusive effect.").

Second, Woodfield cannot demonstrate that the arbitrator's ruling was necessary to a valid and final judgment on the merits because there has been no final judgment on the merits. "[I]t has always been the rule that although an issue was fully litigated and a finding made on the issue in prior litigation, the prior judgment will not act as collateral estoppel as to the issue if the issue was not necessary to the rendering of the prior judgment, and hence is incidental, collateral, or immaterial to that judgment." *A.J. Taft Coal Co. v. Connors*, 829 F.2d 1577, 1580 (11th Cir. 1987) (quotation marks and brackets omitted); *see also In re Diet Drugs*, 282 F.3d 220, 240 (3d Cir. 2002) (stating that, under Texas law, "interlocutory orders on matters that are simply collateral or incidental to the main suit do not operate as res judicata or collateral estoppel" (quotation marks and brackets omitted)).

In one example, a movant argued that the "court [was] bound by a judicial finding in Family Court that she and decedent were married." *Estate of Weisberg*, No. 2012-3470, 2014 NYLJ LEXIS 7431, at *1 (N.Y. Surr. Ct. Apr. 21, 2014). That finding, however, "was not a finding on the merits, but rather an administrative action made for the purpose of reassignment of the [earlier case] to a referee." *Id.* at *2-3. Collateral estoppel did not apply because this "administrative determination" was "a merely incidental ruling" and thus had "no preclusive effect." *Id.* at *4..

The *Zhang* arbitrator's ruling was merely incidental and administrative and has no preclusive effect. The ruling related only to arbitration fees in that arbitration and was not a determination on the merits of the claims or defenses. There has been no determination on the merits of any claims or defenses in *Zhang*. Regardless of who bears responsibility for the arbitration fees, the arbitration remains pending. Nor does the captioning of the award as a "Partial Final Award" make it a final award. *See Am. Int'l Specialty Lines Ins. Co. v Allied Capital Corp.*, 149 N.E.3d 33, 38 (N.Y. 2020) ("[D]espite its name, the Partial Final Award was not, in fact, final."). A final arbitration award is one that "address[es] the ultimate issue before the" arbitrator. *See Pacnav S.A. v. Effie Bus. Corp.*, 909 N.Y.S.2d 880, 884 (N.Y. Sup. Ct. 2010) (holding arbitrators' decision ordering respondent "to post security … for potential arbitrators' fees" was "not a final arbitration award," where it "[did] not address the ultimate issue before the panel"); *see also HDI Glob. SE v. Phillips 66 Co.*, No. 22-807, 2022 WL 3700153, at *3-4 (S.D.N.Y. Aug. 26, 2022) ("[f]or an award to be final and definite [under the FAA], the award must both resolve all the issues submitted to arbitration, *and* determine each issue fully so that no further litigation is necessary to finalize the obligations of the parties under the award"; and holding that decision interpreting a "contractual clause" was "an intermediate procedural decision" that "merely decide[d] issues that bear on future determinations as to claims that still must be made in order to establish liability").

Woodfield's assertion that Defendants "consented" to issuance of a "partial final award" is false. D.I. 59, at 8. Woodfield admits Defendants objected that the arbitrator could not issue any ruling at all because it would be "'advisory.'" *Id.* at 10. Defendants cannot have "consented" to the issuance of a ruling when Defendants expressly objected that the arbitrator could not issue a ruling at all.

Woodfield's misrepresentation aside, their argument still fails for multiple reasons. First for consent to the issuance of a final award to apply, there must be an *express* agreement. *See Am. Int'l Specialty Lines Ins. Co.*, 149 N.E.3d at 39 ("Absent an express, mutual agreement between the parties to the issuance of a partial and final award, the functus officio doctrine would have no application in this case."). Here, there was no consent at all, express or implied. Second, the award did not determine whether Defendants are liable on Zhang's claims. *See HDI*, 2022 WL 3700153, at *4 n.8 (an "exception" allowing the parties to "ask[] the arbitrators to make a final partial award as to a particular issue … has only been recognized when the parties expressly bifurcated issues of liability and damages"; and holding the arbitrators' decision was "an interlocutory award" that could not be confirmed because it "[did] not concern liability in the first place," but "simply resolve[d] the procedural issue of when [respondent could] present its claims"). The case on which Woodfield relies is distinguishable because the partial final award there resolved the issue of *liability*. *See Trade & Transp., Inc. v. Natural Petroleum Charterers Inc.*,

931 F.2d 191, 195 (2d Cir. 1991).

> D. **Principles of fairness and the FAA preclude binding Twitter to the *Zhang* award in this dispute.**

Granting Woodfield's request for nonmutual offensive collateral estoppel would be improper here.  *See, e.g.*, *Jean Alexander*, 458 F.3d at 248 ("[T]he application of non-mutual offensive collateral estoppel presents a unique potential for unfairness[.]").  Woodfield's counsel unilaterally selected one of dozens of arbitrators to seek a ruling on whether Twitter should pay all arbitration fees, and they did so knowing (given JAMS's refusal to honor the fee-sharing provision in Twitter's arbitration agreement and its pledge not to treat the arbitrator's ruling as final) that this strategy gave them nothing to lose.  Whereas Twitter would have no ability to estop other claimants if it prevailed before the *Zhang* arbitrator, Woodfield's counsel intended to argue for nonmutual offensive collateral estoppel if Twitter lost.  D.I. 27-17, at 2 n.2.  This gambit—which sought to give a single, cherry-picked arbitration undue significance for other arbitrations, and only if the claimant, not Twitter, prevailed—is exactly the sort of gamesmanship that the Supreme Court and Third Circuits have warned make nonmutual offensive collateral estoppel improper.  *Jean Alexander*, 458 F.3d at 248 (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329-30 (1979)).  The *Zhang* ruling—that being "required to sign" an arbitration agreement with an opt-out provision still counts as a "condition of employment"—directly conflicts with judicial decisions that the *Zhang* arbitrator

chose to ignore. *See, e.g.*, *Simeon v. Domino's Pizza LLC*, No. 17-cv-5550, 2019 WL 7882143, at *5 (E.D.N.Y. Feb. 6, 2019); D.I. 27-18, at 9-11. Granting Woodfield non-mutual offensive collateral estoppel for this clearly erroneous ruling would be a misuse of the doctrine. *See Parklane Hosiery*, 439 U.S. at 330 ("Allowing offensive collateral estoppel may also be unfair to a defendant if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant."). Applying estoppel would also violate the FAA, which entitles parties to set the rules that will apply to their arbitrations, *see, e.g.*, *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 659 (2022). Here, the parties agreed to arbitration "on an individual basis only" with "any arbitration . . . limited to the claims between [each] Employee and the Company individually." DRA § 5. Yet Woodfield seeks to treat the *Zhang* arbitration as outcome-determinative for other arbitrations, contrary to the parties' agreement. The Court should "rigorously enforce" the parties' agreement according to its terms. *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013); *see* Restatement (Second) of Judgments § 84(4) (1982) ("If the terms of an agreement to arbitrate limit the binding effect of the award in another adjudication or arbitration proceeding, the extent to which the award has conclusive effect is determined in accordance with that limitation.").

| | |
|---|---|
| Dated: April 5, 2024 | MORGAN, LEWIS & BOCKIUS LLP |
| Eric Meckley (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>415-442-1000<br>eric.meckley@morganlewis.com<br><br>T. Cullen Wallace (*pro hac vice*)<br>1000 Louisiana Street, Suite 4000<br>Houston, TX 77002-5005<br>713-890-5722<br>cullen.wallace@morganlewis.com | /s/ Jody C. Barillare<br>Jody C. Barillare (#5107)<br>1201 N. Market Street, Suite 2201<br>Wilmington, Delaware 19801<br>302-574-7294<br>jody.barillare@morganlewis.com<br><br>*Attorneys for Defendants X Corp. f/k/a Twitter, Inc. and X Holdings Corp. f/k/a X Holdings I, Inc.* |