IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRIS WOODFIELD, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF,<br><br>v.<br><br>TWITTER, INC., X CORP., X HOLDINGS I, INC., X HOLDING CORP., AND ELON MUSK,<br><br>DEFENDANTS. | C.A. No. 1:23-cv-00780-JLH<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' SUBMISSION OF SUBSEQUENT AUTHORITY

Pursuant to D. Del. L.R. 7.1.2(b), Plaintiff respectfully submit the attached decision in *Burgious Frazier, Jr., et al. v. X. Corp. f/k/a Twitter, Inc., et al.*, 24-cv-02135 (July 11, 2024) (Ex. A hereto). In that decision, Judge Rakoff granted a petition to compel arbitration filed by seven former Twitter employees and, construing the same form Dispute Resolution Agreement ("DRA") at issue in this action and JAMS rules at issue in this action, held that it required Respondents X Corp., f/k/a Twitter Inc. and X Holdings Corp., f/k/a X Holdings I, Inc. (collectively, "Twitter") to pay the arbitration forum fees unless and until Twitter sought and obtained a contrary ruling from an individual arbitrator in a particular matter.

Judge Rakoff held that (1) Twitter's refusal to pay arbitration fees was a "refusal to arbitrate," Ex. A at 7-8; (2) the DRA required Twitter to pay arbitration fees assessed by JAMS unless and until an arbitrator in any particular case allocates them differently, *id.* at 10-14; (3) the opt-out provision in the DRA "does not remove the DRA from the [] scope" of JAMS Rule 31(c) or the Minimum Standards, *id.* at 19-21; and (4) as Judge Maas held in *Yunfeng Zhang v. Twitter,*

*Inc., et al.*, JAMS Arbitration No. 1601002342 (November 30, 2023), the DRA does not conflict with either Rule 31(c) or the Minimum Standards, and in fact permits the fees to be apportioned as provided for in those rules. Ex. A at 21-23. Thus, Judge Rakoff ordered Twitter "to pay all ongoing arbitration fees for petitioners' claims unless and until the individual arbitrator in each of petitioners' respective arbitrations rules to the contrary."

The attached decision is relevant to Defendants' motion to compel arbitration, which is *sub judice*, particularly given that refusal to arbitrate is a material breach.

Dated: July 12, 2024

Respectfully submitted,

/s/ Joseph L. Christensen
Joseph L. Christensen (#5146)
CHRISTENSEN & DOUGHERTY LLP
1201 North Market Street, Suite 1404
Wilmington, DE 19801
Tel: (302) 212-4330
joe@christensendougherty.com

Akiva Cohen (*pro hac vice*)
Dylan M. Schmeyer (*pro hac vice*)
Michael D. Dunford (*pro hac vice*)
Lane A. Haygood (*pro hac vice*)
KAMERMAN, UNCYK, SONIKER & KLEIN P.C.
1700 Broadway, 16th Floor
New York, NY 10019
Tel: (212) 400-4930
acohen@kusklaw.com
dschmeyer@kusklaw.com
mdunford@kusklaw.com

*Attorneys for Plaintiff*